THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DELMAR LEE TAYLOR, Defendant-Appellant.

Fourth District No. 4—90—0017

Opinion filed September 28, 1990.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

■■ Defendant Delmar Lee Taylor entered a guilty plea to the offense of aggravated criminal sexual abuse and was sentenced to five years' imprisonment. This conviction, together with prior convictions, qualified defendant as an habitual child sex offender as defined by the Habitual Child Sex Offender Registration Act (Act) (Ill. Rev. Stat. 1989, ch. 38, pars. 221 through 230). Section 2(A) of the Act provides:

" 'Habitual child sex offender' includes any person who, after July 1, 1986, is convicted a second or subsequent time for any of the sex offenses or attempts to commit any of the offenses set forth in subsection (B) of this Section. Upon such conviction the court shall certify that the person is a[n] 'habitual child sex offender' and shall include the certification in the order of commitment" Ill. Rev. Stat. 1989, ch. 38, par. 222(A).

The trial court failed to certify defendant under the Act at the time of sentencing, but did provide defendant with notice of hearing and entered an order of certification under the Act several months after the sentencing. Defendant contends that the certification is void because the trial court lost jurisdiction 30 days after the sentencing disposition.

The defendant also argues that the certification violates section 5—8—1(c) of the Unified Code of Corrections. (Ill. Rev. Stat. 1989, ch.

38, par. 1005—8—1(c).) In addition, he contends his plea was involuntary because he was not admonished prior to pleading guilty that he could be certified under the Act.

The Act became effective on August 15, 1986. Little case law lends assistance in our query. The Second District Appellate Court struggled with the effect of late certification in *People v. Adams* (1990), 198 Ill. App. 3d 74, 555 N.E.2d 761. With a different fact situation than that confronting us, that court held the late certification was a correction of the record following an oversight or inaccuracy. The trial judge in *Adams* had mentioned the Act at the time of sentencing. No mention of the Act was indicated in the present case until well after 30 days following judgment.

■ Our analysis of the Act leads to the conclusion that it is not penal in nature, thus not a part of the sentencing procedure. It is an Act for the protection of the general public from those prone to sex offenses against children. Any limitation of the rights of an offender proscribed by the Act is made insignificant when weighed against the protection to the public.

We note the provisions of the Act define or establish the habitual child sex offender status without reference to, and not conditioned on, the certification. We conclude that the certification charged to the court is ministerial in nature and is provided for in order to assure that officials of penal institutions, as well as defendants, are made aware of a defendant's status under the Act. Section 4 of the Act (Ill. Rev. Stat. 1989, ch. 38, par. 224) charges penal authorities with giving notice when an offender is released. Sections 3, 5, 6, and 8 of the Act also spell out notification and registration requirements. (Ill. Rev. Stat. 1989, ch. 38, pars. 223, 225, 226, 228.) The registration information is not available for public inspection. Ill. Rev. Stat. 1989, ch. 38, par. 229.

The Act is separate and distinct from the sentencing procedure. Nothing in the Act purports to be a part of a defendant's punishment or sentence. Therefore, we conclude that a court which fails to do its administrative duty under the Act at the time of sentencing does not lose jurisdiction to perform the function in the future.

Affirmed.

SPITZ and GREEN, JJ., concur.