THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM L. MURPHY, Defendant-Appellant.

Fourth District   No. 4—90—0249

Opinion filed January 17, 1991.

Daniel D. Yuhas and Jon McPhee, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Defendant William L. Murphy appeals from the order of the circuit court of McLean County certifying him as an habitual child sex offender. We affirm.

The defendant entered a negotiated guilty plea to one count of aggravated criminal sexual assault and two counts of forgery. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—14(b)(1), 17—3.) On February 10, 1989, the trial court sentenced the defendant to concurrent terms of imprisonment of 10 years for aggravated criminal sexual assault and 5 years for forgery. Defendant's conviction for aggravated criminal sexual assault, together with prior convictions, qualified him as an habitual child sex offender as defined by the Habitual Child Sex Offender Registration Act (Act) (Ill. Rev. Stat. 1989, ch. 38, pars. 221 through 230). However, the trial court did not certify the defendant as an habitual child sex offender until April 5, 1990, more than one year after it had imposed sentence.

On appeal, defendant contends that the certification is void because the trial court lost jurisdiction 30 days after he was sentenced. Defendant also argues that the certification violates section 5—8—1(c) of the Unified Code of Corrections, which prohibits increasing a sentence once it has been imposed. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).) Finally, defendant asserts that his plea was involuntary because the trial court did not admonish him prior to accepting his plea that he could be certified under the Act.

In *People v. Taylor* (1990), 203 Ill. App. 3d 636, 561 N.E.2d 393, this court addressed identical arguments raised by a defendant who had been certified under similar circumstances. In affirming the

trial court's order of certification, we found that the Act is ministerial rather than penal in nature and is thus separate and distinct from the sentencing procedure. Accordingly, we concluded that "a court which fails to do its administrative duty under the Act at the time of sentencing does not lose jurisdiction to perform the function in the future." *Taylor*, 203 Ill. App. 3d at 638, 561 N.E.2d at 394.

Because certification is a collateral consequence of a defendant's conviction for a sex offense against a child rather than a penalty or an enhancement of the sentence, courts are not prohibited from certifying a defendant after his sentence has been imposed. Further, courts are under no duty to admonish the defendant that he is eligible for certification prior to accepting his plea.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.