**Gary Elchanon BERKOW, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C3–97–258.

Supreme Court of Minnesota.

Aug. 6, 1998.

Birrell, Dunlap & Ritts, LTD, Eric L. Newmark, Minneapolis, for Appellant.

Rolf A. Sponheim, Assistant Minnetonka City Attorney, Minnetonka, Hubert H. Humphrey, III, Attorney General, State of Minnesota, St. Paul, for respondent.

Karen Ellingson, Executive Director, Maria Baldini–Potermin, St. Paul, amicus curiae for Immigrant Law Center of Minnesota.

John M. Stuart, Minnesota State Public Defender, Cathryn Middlebrook, Assistant State Public Defender, Minneapolis, amicus curiae for State Public Defender.

## OPINION

PAGE, Justice.

Appellant Gary Elchanon Berkow is a 25–year–old permanent resident of the United States who, at the age of 12, emigrated from South Africa with his family. On September 13, 1991, Berkow was charged with one count of theft by swindle and one count of receiving stolen property stemming from his theft of 51 packs of cigarettes from a convenience store. On March 2, 1992, Berkow, represented by counsel, pled guilty to the charge of theft by swindle in exchange for dismissal of the receiving stolen property charge. At the time of his plea, Berkow had not been informed by his defense counsel that he might be subject to deportation based on the conviction resulting from the plea. Berkow subsequently pled guilty to two additional, but unrelated, offenses—discharging a fire arm in December 1992 and arson in the third-degree in November 1995.

On December 5, 1995, the United States Department of Justice initiated deportation proceedings against Berkow based on his three convictions. As a result, Berkow moved to withdraw each of the guilty pleas. Each motion was heard by a different judge. The motion to withdraw the plea in the theft by swindle case was denied. The judge hearing the motion to withdraw the plea in the firearms case granted that motion. The motion to withdraw the arson plea was also denied.

After the motion in the theft by swindle case was denied, Berkow petitioned for post-conviction relief in that case, claiming that his guilty plea was not intelligent because he did not understand the consequences of the plea and that in making the plea he was denied effective assistance of counsel because his defense counsel had not advised him of the possibility of deportation. The postconviction court denied the petition, and Berkow appealed that decision to the court of appeals which affirmed. On appeal to this court, Berkow argues that when he pled guilty in the theft by swindle case, he did not understand the consequences of the plea, that he was denied effective assistance of counsel, and that the district court abused its discretion by not allowing him to withdraw his guilty plea to correct a "manifest injustice." Because this case is controlled by our decision in *Alanis v. State*,[1] we affirm the court of appeals.

In *Alanis*, we held that deportation is a "collateral consequence" of the conviction re-

1.  583 N.W.2d 573 (Minn.1998).

sulting from a criminal defendant's guilty plea and that there is no requirement that a criminal defendant be informed of the possibility of deportation prior to entering a guilty plea. We further held that failure to so inform a criminal defendant does not, by itself, constitute a "manifest injustice" requiring withdrawal of the guilty plea.[2] In addition, we held that because there is no requirement that a criminal defendant be informed of the possible deportation consequences of a guilty plea, a defense counsel's failure to advise the criminal defendant of those consequences does not constitute ineffective assistance of counsel.[3]

Our review of the facts presented in this case, considered in light of our decision in *Alanis,* leads us to conclude that the postconviction court did not abuse its discretion when it denied Berkow's petition for postconviction relief and declined to allow him to withdraw his guilty plea.

Affirmed.