1999 SD 75

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**David Edward TIMPERLEY, Defendant and Appellant.**

No. 20526–A.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1999.

Decided June 23, 1999.

Mark W. Barnett, Attorney General, Gay Klima Tollefson and Ronald D. Campbell, Assistant Attorneys General, Pierre, for plaintiff and appellee.

Chris A. Nipe of Larson and Nipe, Mitchell, for defendant and appellant.

## PER CURIAM

[¶ 1.] David Edward Timperley pled guilty to two counts of third degree rape. His issues on appeal center around the circumstances surrounding his pleas of guilt. We affirm.

## FACTS

[¶ 2.] On April 15, 1997, Timperley was indicted on one count of third degree rape and two counts of sexual contact with a child under sixteen. On July 16, 1997, an amended indictment by the grand jury was filed charging Timperley with four counts of rape in the third degree.

[¶ 3.] Timperley was arraigned on the amended indictment. He received a copy of the amended indictment prior to arraignment and it, and the habitual offender information, were read to him during arraignment. Timperley told the court that Timperley understood the elements of the offense, the statutory definition of sexual penetration, and the nature of the charges brought against him. His attorney told the court that he, too, had advised Timperley of these matters and was convinced that he understood the nature of the charges brought against him. Timperley pled not guilty to each count.

[¶ 4.] Timperley entered a plea agreement. He agreed to plead guilty to two counts of the indictment in exchange for dismissal of the remaining two counts and the habitual offender information. Sentencing was left to the court's discretion.

[¶ 5.] At the change of plea hearing Timperley and his attorney agreed that he understood the nature of the charges against him. The court reiterated the elements of the offense and questioned Timperley in detail.

## ISSUE ONE

[¶ 6.] **Did the trial court have jurisdiction to accept Timperley's guilty pleas pursuant to an amended indictment?**

■ [¶ 7.] Because there is no statute allowing for the amendment of an indictment Timperley contends that the amended indictment was not authorized by law, thereby depriving the trial court of jurisdiction to accept his guilty pleas.

[¶ 8.] In *State v. Alexander*, 313 N.W.2d 33 (S.D.1981), this Court held that amendment of an indictment by a grand jury does not require reversal. We said:

> The legislature has given the grand jury the power and duty to inquire into criminal activity committed or triable in its county and to present them to the circuit court by indictment. SDCL 23A–5–9. The statutes are silent as to the grand jury's authority to amend its indictments.
>
> This is not a case where the court amended the indictment on its own motion or on motion of the State. Rather, the grand jury itself made the amendment. The practical effect was a reindictment by the grand jury, which it undisputably has authority to do. Appellant was entitled to and did receive a rearraignment thereon, followed by a trial.
>
> Appellant claims neither surprise nor prejudice by the amendment; rather, he urges that the absence of specific statutory authority of the grand jury to amend prohibits his prosecution thereunder.
>
> We need not address the issue of a grand jury's authority to amend its indictments. The amendment here, even though not specifically authorized by statute, did not affect appellant's substantial rights and he suffered no prejudice therefrom. SDCL 23A–44–14, and *State v. Giuliano*, 270 N.W.2d 33 (S.D. 1978).

*Alexander*, 313 N.W.2d at 37.

[¶ 9.] So, too, in this case Timperley only argues the absence of specific statutory

authority for the grand jury to amend. There is no claim of surprise, prejudice, or effect upon substantial rights and the record reveals none.

## ISSUE TWO

**[¶ 10.] Did the trial court adequately explain the nature of the charges against Timperley?**

[¶ 11.] Because the trial court did not recite the statutory definition of sexual penetration, SDCL 22–22–2, Timperley contends that it failed to comply with SDCL 23A–7–4.

■■■ [¶ 12.] Before accepting a plea of guilty, a court must address a defendant personally in open court, inform him of and determine that he understands "[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law[.]" SDCL 23A–7–4(1). All that is necessary under this statute is that an understanding of the charge be conveyed to a defendant; it does not require that the specific elements of the offense be explained. *Clark v. State*, 294 N.W.2d 916 (S.D.1980).

■■■ [¶ 13.] The trial court outlined the elements of third degree rape to Timperley at the initial arraignment on the amended indictment and at the change of plea hearing. At both hearings Timperley and his attorneys acknowledged that he understood the nature of the charges against him and what constitutes sexual penetration. At both proceedings the court carefully advised and questioned Timperley and his counsel. Timperley admitted to both oral and penile penetration. The record is clear that Timperley understood the nature of the offenses charged.

## ISSUE THREE

**[¶ 14.] Did Timperley make a voluntary and knowing plea when the trial court failed to inform him of SDCL 22–22–31 (registration of convicted sex offenders)?**

■■■ [¶ 15.] In a criminal case when a defendant pleads guilty, the record must indicate that the pleading defendant understood the nature and consequences of his plea. *State v. Wika*, 464 N.W.2d 630 (S.D.1991).

> In this vein, however, we have held that, "it is not necessary for a court to inform a defendant of the collateral consequences of a guilty plea ... in order for a plea to be intelligently and voluntarily entered." *Gregory v. State*, 353 N.W.2d 777, 781 (S.D.1984).
>
>> "The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment."
>
> *George v. Black*, 732 F.2d 108, 110 (8th Cir.1984) (quoting *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364, 1366 (4th Cir.1973)).

*Id.*, 464 N.W.2d at 634.

■■■ [¶ 16.] Timperley contends that the sex offender registration requirement codified at SDCL 22–22–31 * is a direct conse-

---

\* SDCL 22–22–31 provides:

> Any person residing in this state who has been convicted whether upon a verdict or plea of guilty or a plea of nolo contendere, or who has received a suspended imposition of sentence which has not been discharged pursuant to § 23A–27–14 prior to July 1, 1995, for commission of a sex crime, as defined in § 22–22–30, or any person who is a juvenile fifteen years of age or older adjudicated of a sex crime, as defined in subdivisions 22–22–30(1) or (9), or of

felony sexual contact, as defined in § 22–22–7.2, shall, within ten days of coming into any county to reside or temporarily domicile for more than thirty days, register with the chief of police of the municipality in which the person resides, or, if no chief of police exists, then with the sheriff of the county in which the person resides. A violation of this section is a Class 1 misdemeanor. However, any subsequent violation is a Class 6 felony. Any person whose sentence is discharged under § 23A–27–14

quence of a guilty plea and he should have been advised of the requirement.

[¶ 17.] The majority of appellate courts considering the issue have concluded that a sentencing court's failure to advise a defendant about registration as a sex offender is not grounds for withdrawal of a guilty plea because registration is a collateral, not a direct, consequence of conviction. *Matter of B.G.M.*, 929 S.W.2d 604 (Tex.Ct.App.1996); *Doe v. Poritz*, 142 N.J. 1, 662 A.2d 367 (1995); *State v. Ward*, 123 Wash.2d 488, 869 P.2d 1062 (1994); *People v. Murphy*, 207 Ill.App.3d 539, 152 Ill.Dec. 441, 565 N.E.2d 1359 (1991); *Perry v. County of Maricopa*, 167 Ariz. 458, 808 P.2d 343 (App.1991). *See*, Annott, *State Statutes or Ordinances Requiring Persons Previously Convicted of Crime to Register with Authorities*, 36 A.L.R.5th 161 § 9 (1996); *Gore v. Andrews*, 99 F.3d 1149 (10th Cir.1996); *State v. Hill*, 1998 WL 412458 (Ohio App.). We agree. In addition, Timperley also presents no argument that he was in any way prejudiced by not being informed of the registration at the time of his arraignment. *See, State v. King*, 400 N.W.2d 878 (S.D.1987).

[¶ 18.] Affirmed.

[¶ 19.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.

---

after July 1, 1995, shall forward a certified copy of such formal discharge by certified mail to the Division of Criminal Investigation and to local law enforcement where the person is then registered under this section. Upon receipt of such notice, the person shall be removed from the sex offender registry open to public inspection and shall be relieved of further registration requirements under this section.