**Douglas Wade KAISER, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C5-00-807.

Court of Appeals of Minnesota.

Jan. 2, 2001.

---

Deborah K. Ellis, St. Paul, for appellant.

Mike Hatch, Attorney General, St. Paul, James C. Backstrom, Dakota County Attorney, Phillip D. Prokopowicz, Assistant County Attorney, Hastings, for respondent.

Considered and decided by LANSING, Presiding Judge, PETERSON and STONEBURNER, Judges.

## OPINION

LANSING, Judge.

Douglas Kaiser appeals the district court's denial of his motion to withdraw his guilty plea. Kaiser argues that because the district court failed to inform him of the ten-year sex-offender registration requirement before he entered his guilty plea, the plea was not intelligently entered. The registration requirement is a civil-regulatory consequence that is collateral to the entry of the guilty plea; thus the district court did not abuse its discretion in denying Kaiser's application to withdraw his plea. We affirm.

## FACTS

In a four-count complaint, the Dakota County Attorney charged Douglas Kaiser with the crimes of use of minors in a sexual performance in violation of Minn. Stat. § 617.246 (1996), possession of pictorial representations of minors in violation of Minn.Stat. § 617.247 (1996), providing alcohol to minors in violation of Minn.Stat. § 340A.503 (Supp.1997), and contributing to the delinquency of a minor in violation of Minn.Stat. § 260.315 (1996). After plea negotiations that focused primarily on whether Kaiser would be required to serve time in jail, Kaiser pleaded guilty to one count of possession of pictorial representations of minors. The district court stayed imposition of sentence and placed Kaiser on probation for two years, conditioned on Kaiser's paying a $1,000 fine, having no unsupervised contact with juvenile females, following the probation department's rules, and remaining law abiding.

At the plea hearing, Kaiser responded affirmatively to both his attorney's and the district court's questions about whether he understood the plea agreement. Neither the district court nor Kaiser's attorney informed Kaiser that as a result of his plea

he would be required to register as a sex offender for ten years. About three months after the plea hearing, Kaiser learned of the requirement from his probation officer and filed a postconviction petition to withdraw his plea.

The district court considered the motion on stipulated testimony offered in lieu of an evidentiary hearing and denied Kaiser's motion. Kaiser appeals, contending that the postconviction court abused its discretion in denying his petition for plea withdrawal, that defense counsel's failure to advise him of the sex-offender reporting requirement constituted ineffective assistance of counsel, and that his guilty plea did not have the requisite factual basis.

### ISSUES

I. Does Minnesota's sex-offender registration law constitute a direct consequence of the defendant's plea to an enumerated offense and thereby require that the court or counsel advise the defendant of the reporting requirement before entry of the plea in order for the plea to be valid?

II. Did defense counsel's failure to advise Kaiser of the sex-offender reporting requirement constitute ineffective assistance of counsel?

III. Is Kaiser's plea supported by an adequate factual basis?

### ANALYSIS

### I

▮ A defendant does not have an absolute right to withdraw a guilty plea. *Shorter v. State,* 511 N.W.2d 743, 746 (Minn.1994). Allowing withdrawal of a guilty plea is within the district court's discretion and is reviewed under an abuse-of-discretion standard. *Perkins v. State,* 559 N.W.2d 678, 685 (Minn.1997). Appellate review is generally limited to determining whether sufficient evidence exists to sustain the district court's findings. *Id.*

Minnesota law requires persons convicted of certain enumerated offenses to register as a sex offender. "A person shall register under this section if * * * the person was charged with * * * possessing pictorial representations of minors in violation of section 617.247, and convicted of * * * that offense or another offense arising out of the same set of circumstances[.]" Minn.Stat. § 243.166, subd. 1 (1998).

District courts are required to inform persons of the registration requirement at the time of sentencing. "When a person who is required to register * * * is sentenced * * * the court shall tell the person of the duty to register under this section." *Id.,* subd. 2 (1998). But the statute furnishes an alternative when the court fails to tell the defendant of the requirement. "If a person required to register * * * was not notified by the court of the registration requirement at the time of sentencing or disposition, the assigned corrections agent shall notify the person of the requirements of this section." *Id.*

▮ Possessing pictorial representations in violation of section 617.247 is an enumerated offense requiring registration. *See id.,* subd. 1(2) (1998). Kaiser was also charged with, but not convicted of, using a minor in a sexual performance in violation of section 617.246, another enumerated offense. *See id.* Registration is also required when a person is convicted of offenses not listed in the statute if the person was charged with an enumerated offense and the offenses arose out of the same set of circumstances. *See Boutin v. LaFleur,* 591 N.W.2d 711, 716 (Minn. 1999), *cert. denied,* 528 U.S. 973, 120 S.Ct. 417, 145 L.Ed.2d 326 (1999). Thus, Kaiser was required to register not only because of the crime he was convicted of, but also because of an additional charged crime.

▮ A court must allow a defendant to withdraw a guilty plea upon proof that "withdrawal is necessary to correct a manifest injustice ." Minn.R.Crim.P. 15.05,

subd. 1. Because entry of a plea involves waiver of the constitutional right to a trial, a manifest injustice occurs if the guilty plea is not accurately, voluntarily, and intelligently entered. *Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998).

■ Kaiser maintains that his guilty plea was not intelligently entered. For a guilty plea to be intelligent, the defendant must be aware of the relevant circumstances and direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970); *Alanis*, 583 N.W.2d at 578. Direct consequences are those that flow definitely, immediately, and automatically from the guilty plea. *Alanis*, 583 N.W.2d at 578. On the other hand, ignorance of a collateral consequence does not entitle a defendant to withdraw a guilty plea. *Id.*

■ The distinction between direct and collateral consequences of a guilty plea turns on whether the result adds a definite, immediate, and automatic effect to the defendant's punishment. *Id.* If sex-offender registration is not punishment or does not add a definite, immediate and automatic effect to the punishment, it is a collateral consequence of a plea, and a defendant is not entitled to withdraw a guilty plea because he was not informed of that consequence at the time of the plea. In *Alanis*, the supreme court identified the direct consequences as the maximum sentence and any fine to be imposed. *Id.*

Minnesota courts have not addressed whether the sex-offender registration requirement is a direct or collateral consequence, but have held that deportation is a collateral consequence of a guilty plea, *id.*, as is revocation of driving privileges, *State v. Washburn*, 602 N.W.2d 244, 246 (Minn. App.1999), and loss of the right to possess a firearm, *State v. Rodriguez*, 590 N.W.2d 823, 825 (Minn.App.1999), *review denied* (Minn. May 26, 1999). Courts in other jurisdictions have categorized as collateral the consequences of loss of civil-service employment, the right to vote and to travel

freely abroad, *United States v. Del Rosario*, 902 F.2d 55, 59 (D.C.Cir.1990), habitual-offender or parole-revocation proceedings, and mandatory sex-offender DNA testing, *State v. Ward*, 123 Wash.2d 488, 869 P.2d 1062, 1075 (1994).

The majority of states that have addressed whether sex-offender registration is a direct or collateral consequence have held that it is a collateral consequence, either because it is not direct and automatic or because it is not punishment. *See, e.g., Robinson v. State*, 730 So.2d 252, 254 (Ala.Crim.App.1998); *State v. Young*, 112 Ariz. 361, 542 P.2d 20, 22 (1975); *People v. Montaine*, 7 P.3d 1065, 1067 (Colo.Ct.App. 1999); *Collie v. State*, 710 So.2d 1000, 1008 (Fla.Dist.Ct.App.1998); *Ray v. State*, 133 Idaho 96, 982 P.2d 931, 935 (1999); *People v. Taylor*, 203 Ill.App.3d 636, 149 Ill.Dec. 115, 561 N.E.2d 393, 394 (1990); *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997); *State v. Burr*, 598 N.W.2d 147, 159 (N.D. 1999); *State v. Timperley*, 599 N.W.2d 866, 869 (S.D.1999); *Guzman v. State*, 993 S.W.2d 232, 236 (Tex.Ct.App.1999), *cert. denied*, 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000); *Ward*, 869 P.2d at 1074; *State v. Bollig*, 232 Wis.2d 561, 605 N.W.2d 199, 206 (2000); *Johnson v. State*, 922 P.2d 1384, 1387 (Wyo.1996). *But see Peterson v. State*, 988 P.2d 109, 115–16 (Alaska Ct.App.1999) (concluding that registration requirement is a collateral consequence, but statute requires court to warn defendants of requirement to avoid injustice); *In re Birch*, 10 Cal.3d 314, 110 Cal. Rptr. 212, 515 P.2d 12, 16–17 (1973) (finding that trial court's duty is to inform defendant of requirement, and in absence of that information, guilty plea was not knowingly and intelligently made). Courts in the majority of jurisdictions have concluded that the registration requirement is directed toward a public-safety and protection purpose, rather than a punitive purpose. *See, e.g., Bollig*, 605 N.W.2d at 204.

We have previously decided that Minnesota's registration requirement does not constitute punishment, but rather is regu-

latory in nature. *State v. Manning*, 532 N.W.2d 244, 248 (Minn.App.1995) (finding that Minnesota's registration requirement does not violate federal and state constitutional ex post facto prohibitions), *review denied* (Minn. July 20, 1995). We recognize that the duty to register follows from the guilty plea, but the consequences for failure to register are separate from the plea and are contingent on a prosecutor's action. Thus, because the consequences of failure to register are not definite, immediate, and automatic, and because the requirement is primarily regulatory rather than punitive, we conclude that the sex-offender registration requirement is collateral to the plea and that a defendant is not entitled to withdraw a plea solely on the basis that the court failed to inform the defendant of the requirement at the time of the plea.

■ To support his claim that registration is a direct consequence constituting punishment, Kaiser relies on this court's unpublished decision in *Palmquist v. State*, No. CX–99–1976, 2000 WL 890479, —— N.W.2d —— (Minn.App. July 3, 2000). We note that Palmquist was sentenced before the Minnesota Supreme Court in *Boutin* clarified that the requirement to register as a sex offender also applies when a person is charged with, but not convicted of, crimes that are enumerated in the sex-offender registration statute so long as all the crimes arose out of the same set of circumstances. *See id.; Boutin*, 591 N.W.2d at 713. Because, under *Boutin*, Palmquist was required to register as a sex offender, he petitioned to withdraw his guilty plea and appealed the district court's denial of that petition. *Palmquist*, 2000 WL 890479, at *1, at ——. This court determined that Palmquist should be permitted to withdraw his plea because of the particular circumstances surrounding the plea agreement and the timing of *Boutin*. *Id.* at *3, at ——. Palmquist had been aware of the registration requirement and negotiated a plea agreement principally to avoid registration. *Id.* at *1,

at ——. Counsel, the court, and Palmquist relied on an interpretation of the law later determined to be mistaken in determining that the guilty plea would avoid the registration requirement. *Id.*

Unlike Palmquist's plea, Kaiser's plea was entered after the supreme court's decision in *Boutin*, and registration was not addressed in Kaiser's plea. He was unaware of the requirement and did not rely on the plea agreement to avoid this consequence. We do not have the same facts in this appeal and conclude that because the registration consequences are collateral rather than direct, the district court did not abuse its discretion in denying the postconviction petition.

## II

■ Second, Kaiser argues that his attorney's failure to tell him of the requirement constitutes ineffective assistance of counsel. To receive postconviction relief based on ineffective assistance of counsel, Kaiser must show that first, "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. at 2064. Both prongs must be satisfied to grant relief. *Id.*

■ The proper standard for attorney performance in the plea process is that within the range of attorney competence in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). To establish *Strickland's* prejudice requirement, a defendant must show that absent his attorney's errors, he would not have pleaded guilty and would have insisted on a trial. *Id.* at 59, 106 S.Ct. at 370. Kaiser's claim fails on the first *Strickland* prong. Although it is unquestionably the better practice for attorneys to inform clients of the collateral consequences of a guilty plea, the failure to advise of the collateral consequences does not fall below

an objective standard of reasonableness that constitutes ineffective assistance of counsel. *Alanis,* 583 N.W.2d at 579; *Berkow v. State,* 583 N.W.2d 562, 564 (Minn. 1998) (failing to inform client of collateral consequence of deportation does not constitute ineffective assistance of counsel).

## III

 Finally, Kaiser contends that his guilty plea was not supported by an adequate factual basis. Kaiser maintains that his admission to possession of the incriminating videotape was based on his having access to the videotape and that possession requires more than access; it requires ownership or control.

The district court must establish a proper factual basis for an accurate guilty plea. *State v. Ecker,* 524 N.W.2d 712, 716 (Minn.1994). Typically, an adequate factual basis is established by questioning the defendant and asking the defendant to explain the circumstances surrounding the crime. *Id.*

Under oath, Kaiser admitted possessing the videotape that showed an undressed minor. He also admitted knowing of the images depicted on the videotape and that he had access to the videotape and could have showed it to others had he wished. He further answered "yes" to questions asking if he understood and had carefully reviewed and signed the written petition to plead guilty, had discussed the petition with his attorney, and was satisfied with his attorney's work. In light of Kaiser's admissions, the record supports a conclusion that there is an adequate factual basis for Kaiser's guilty plea.

Because a defendant is not entitled to withdraw a guilty plea on the basis of ignorance of that plea's collateral consequences, failing to inform of a collateral consequence does not constitute ineffective assistance of counsel, and there was an adequate factual basis underlying Kaiser's guilty plea, we conclude that the district court did not abuse its discretion in deny-

ing Kaiser's motion to withdraw his guilty plea.

## DECISION

The district court did not abuse its discretion in denying the withdrawal of Kaiser's guilty plea or in concluding that Kaiser was not denied effective assistance of counsel. The plea has an adequate factual basis, and we affirm.

**Affirmed.**