THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NICHOLAS DOWNIN, Defendant-Appellant.

Third District   No. 3—08—0852

Opinion filed August 28, 2009.

Anthony W. Vaupel (argued), of Barash & Everett, LLC, of Galesburg, for appellant.

John T. Pepmeyer, State's Attorney, of Galesburg (Terry A. Mertel, Charles R. Zalar, and Thomas D. Arado (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:
Defendant appeals from the dismissal of his postconviction peti-

tion without an evidentiary hearing. Defendant argues that the trial court erred in dismissing the petition because it stated grounds for relief under the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2002)). We affirm.

## FACTS

Following a bench trial, defendant was found guilty of three counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 2002)). On July 24, 2003, defendant was sentenced to a 60-day term of incarceration and a 30-month term of probation. We affirmed defendant's conviction on direct appeal. *People v. Downin*, 357 Ill. App. 3d 193, 828 N.E.2d 341 (2005).

On October 24, 2007, defendant filed an initial petition for postconviction relief. On November 26, 2007, defendant filed an amended petition for postconviction relief. On February 15, 2008, the trial court granted the State's motion to dismiss, but granted leave for defendant to file another petition within 21 days. On March 14, 2008, defendant filed a second amended petition for postconviction relief. The petition contained affidavits from members of defendant's family and former employer alleging that the victim made admissions that her allegations against defendant were untrue. The State subsequently filed a second motion to dismiss. Upon hearing argument, the court granted the State's motion. Specifically, the court stated:

> "This cause comes on for hearing on the [S]tate's motion to dismiss the [defendant's] second amended post conviction petition. Having heard the arguments and suggestions of counsel, and being fully advised in the premises, [the court] finds that defendant's probation had expired by the time the post conviction petition was filed in this case. He is not 'imprisoned in the penitentiary' within the meaning of the Post Conviction Hearing Act, and therefore is not entitled to relief under the Act. The requirement that he register as a sex offender even after the expiration of his sentence and the possibility of incarceration if he fails to comply with those provisions of the law is a collateral consequence of his conviction and does not entitle him to the protections of the Act."

## ANALYSIS

The instant appeal presents us with a question as to defendant's standing to pursue relief under the Act. The trial court found that defendant lacked standing because he was not "imprisoned in the penitentiary" at the time he filed his petition. Defendant argues that lifetime registration as a sex offender under the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 *et seq.* (West 2006)) constitutes "imprisonment" for purposes of filing a postconviction

petition. The trial court rejected this argument, finding that defendant's registration merely constituted a collateral consequence of his conviction. Because this appeal raises pure questions of law, our review is *de novo*. *People v. Robinson*, 232 Ill. 2d 98, 105, 902 N.E.2d 622, 626 (2008).

Section 122—1 of the Act provides that "[a]ny person imprisoned in the penitentiary may institute a proceeding" for postconviction relief. 725 ILCS 5/122—1 (West 2006). At the outset, we note that the specific question of whether lifetime registration as a sex offender constitutes "imprisonment" for purposes of filing a postconviction petition has not been addressed by any Illinois court. Nevertheless, the supreme court has been called upon to construe the language "imprisoned in the penitentiary" on several different occasions. In *People v. Davis*, 54 Ill. 2d 494, 298 N.E.2d 161 (1973), the court held that the Act should not be so narrowly construed so that it requires a defendant to be actually within the walls of the penitentiary at the time relief is sought. *Davis*, 54 Ill. 2d at 496, 298 N.E.2d at 163. In other cases, the court found the language to include defendants who have been released on appeal bond following conviction (*People v. Martin-Trigona*, 111 Ill. 2d 295, 302-03, 489 N.E.2d 1356, 1359 (1986)), released under mandatory supervision (*People v. Correa*, 108 Ill. 2d 541, 547, 485 N.E.2d 307, 309 (1985)), and released from incarceration after the timely filing of their petition (*People v. Davis*, 39 Ill. 2d 325, 329, 235 N.E.2d 634, 636 (1968)). The appellate courts of this state have also found the language to include defendants who have been sentenced to probation (*People v. Montes*, 90 Ill. App. 3d 355, 357, 412 N.E.2d 1363, 1364 (1980)), and released on parole (*People v. Placek*, 43 Ill. App. 3d 818, 822, 357 N.E.2d 660, 664 (1976)).

The above cases all share two common threads: (1) the defendants had been deprived of their liberty in some meaningful way, and (2) the defendants had been deprived of their liberty as a result of serving, as opposed to having served, some type of sentence. A defendant's liberty interest is the deciding factor to determining who is "imprisoned" under the Act. *People v. Pak*, 224 Ill. 2d 144, 150, 862 N.E.2d 938, 942 (2007). Only those persons whose liberty is actually restrained by their convictions are "imprisoned" for purposes of the Act. *Martin-Trigona*, 111 Ill. 2d at 299, 489 N.E.2d at 1358. Specifically, the court stated:

> "Relief is available under the Act to all persons whose liberty is constrained by virtue of a criminal conviction, and a criminal sentence is relevant only so far as it predicts at what point in time any particular convicted person will be released from the fetters accompanying his conviction so that he is no longer in need of the

Act's remedial procedures to secure his liberty." *Martin-Trigona*, 111 Ill. 2d at 301, 489 N.E.2d at 1359.

The holding in *Martin-Trigona* makes clear that it is a defendant's sentence that defines the period during which he is encumbered by his conviction. *Martin-Trigona*, 111 Ill. 2d at 301, 489 N.E.2d at 1359. Upon completion of his sentence, a defendant's conviction is no longer an encumbrance and he is no "longer in need of the Act's remedial procedures to secure his liberty." *Martin-Trigona*, 111 Ill. 2d at 301, 489 N.E.2d at 1359. In the present case, defendant has completed his 60-day term of incarceration and 30-month term of probation. We are, therefore, left with the question of whether lifetime registration as a sex offender is a constraint on liberty sufficient to bring it within the Act, or whether it is merely a collateral consequence of defendant's conviction. Collateral consequences resulting from a conviction are not actual restraints on liberty sufficient to bring them within the definition of Act. *People v. Rajagopal*, 381 Ill. App. 3d 326, 331, 885 N.E.2d 1152, 1157 (2008).

Here, defendant argues that the trial court erred in finding that registration as a sex offender is a collateral consequence of his conviction. Specifically, defendant argues that his registration as a sex offender, for life, means that he will never be "released from the fetters accompanying his conviction." On page 9 of his initial brief, defendant states:

"Although [the defendant's] probation is concluded, the defendant is required to register where he lives, [citation] where he works, [citation] where he goes to school, [citation] and what kind of a car he drives. [Citation.] The defendant is constrained by where he can live, [citation] and where he can go, [citation] for the rest of his life. Likewise, the defendant is constrained by the types of professions in which he may engage."

While defendant has correctly set out the requirements contained within the Registration Act, we again note that this appeal turns on the question of whether these requirements are actual constraints on liberty sufficient to bring it within the Act or they are merely collateral consequences of defendant's conviction.

The supreme court in *People v. Adams*, 144 Ill. 2d 381, 581 N.E.2d 637 (1991), upheld an earlier version of the Registration Act. In its decision, the court held that requiring sex offenders to register is not punishment. *Adams*, 144 Ill. 2d at 386-90, 581 N.E.2d at 640-42. The court stated:

"The statute prescribes a duty on the part of an individual on the basis of a criminal conviction. The question to be answered is whether this duty is punishment. Traditional notions of punish-

ment aid little in the resolution of this issue since the statutory duty is neither imprisonment nor a fine. *It imposes no restraints on liberty or property.* In short, by traditional definition, the duty to register is not punishment.

\* \* \*

The disability fails to meet the guidelines set forth for determining what constitutes punishment. For these reasons, the Registration Act does not constitute punishment under the eighth amendment." (Emphasis added.) *Adams*, 144 Ill. 2d 387-89, 581 N.E.2d 640-41.

The court in *People v. Malchow*, 193 Ill. 2d 413, 739 N.E.2d 433 (2000), reaffirmed its holding in *Adams* that requiring sex offenders to register does not constitute punishment. *Malchow*, 193 Ill. 2d at 424, 739 N.E.2d at 440. The court also examined the question of whether the community notification requirements found in the Sex Offender and Child Murderer Community Notification Law (Notification Law) (730 ILCS 152/101 *et seq.* (West 1998)) are punitive in nature. After considering the factors enunciated in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 9 L. Ed. 2d 644, 83 S. Ct. 554 (1963), the court concluded that the requirements of the Notification Law are nonpunitive. *Malchow*, 193 Ill. 2d at 424, 739 N.E.2d at 440.

The First District in *People v. Starnes*, 273 Ill. App. 3d 911, 653 N.E.2d 4 (1995), found that the certification and registration requirements found in an earlier version of the Registration Act are collateral consequences of a defendant's convictions. Specifically, the court stated:

"After examining the legislative history of the Act, our supreme court stated, 'The Registration Act was designed to aid law enforcement agencies by requiring habitual child sex offenders to register with the local law enforcement authorities whenever they move.' [Citation.] The purpose of the Act therefore protects a legitimate public interest. \* \* \* [I]t *imposes a collateral consequence upon conviction* \* \* \*." (Emphasis added.) *Starnes*, 273 Ill. App. 3d at 915, 653 N.E.2d at 7.

The Fourth District in *People v. Murphy*, 207 Ill. App. 3d 539, 565 N.E.2d 1359 (1991), also found the certification requirement found in an earlier version of the Registration Act to be a collateral consequence of a defendant's conviction. *Murphy*, 207 Ill. App. 3d at 541, 565 N.E.2d at 1360. Specifically, the court stated:

"Because certification is a collateral consequence of a defendant's conviction for a sex offense against a child rather than a penalty or an enhancement of the sentence, courts are not prohibited from certifying a defendant after his sentence has been imposed. Further,

courts are under no duty to admonish the defendant that he is eligible for certification prior to accepting his plea." *Murphy*, 207 Ill. App. 3d at 541, 565 N.E.2d at 1360.

The Fourth District in *People v. Taylor*, 203 Ill. App. 3d 636, 561 N.E.2d 393 (1990), discussed the relationship between an earlier version of the Registration Act and a defendant's sentence. Specifically, the court stated:

> "Our analysis of the Act leads to the conclusion that it is not penal in nature, thus not a part of the sentencing procedure. It is an Act for the protection of the general public from those prone to sex offenses against children. Any limitation of the rights of an offender proscribed by the Act is made insignificant when weighed against the protection to the public.
> \*\*\*
> The Act is separate and distinct from the sentencing procedure. Nothing in the Act purports to be a part of a defendant's punishment or sentence. Therefore, we conclude that a court which fails to do its administrative duty under the Act at the time of sentencing does not lose jurisdiction to perform the function in the future." *Taylor*, 203 Ill. App. 3d at 638, 561 N.E.2d at 394.

In light of the above authority, we hold that lifetime registration as a sex offender is not a constraint on liberty sufficient to bring it within the Act. See *Malchow*, 193 Ill. 2d at 424, 739 N.E.2d at 440; *Adams*, 144 Ill. 2d at 387-89, 581 N.E.2d at 640-41. Requiring sex offenders to register "imposes no restraints on liberty or property." *Adams*, 144 2d at 387, 581 N.E.2d at 640. Instead, we hold that registration as a sex offender is merely a collateral consequence of defendant's conviction. See *Starnes*, 273 Ill. App. 3d at 915, 653 N.E.2d at 7; *Murphy*, 207 Ill. App. 3d at 541, 565 N.E.2d at 1360. Only those persons whose liberty is actually restrained by their convictions are "imprisoned" for purposes of the Act, and their sentences define that period of restraint. *Martin-Trigona*, 111 Ill. 2d at 299, 489 N.E.2d at 1358. The requirement to register as a sex offender, however, is not an element of defendant's sentence. See *Taylor*, 203 Ill. App. 3d at 638, 561 N.E.2d at 394. "Nothing in the [Registration] Act purports to be a part of defendant's punishment or sentence." *Taylor*, 203 Ill. App. 3d at 638, 561 N.E.2d at 394.

In the present case, defendant completed his 60-day term of incarceration and 30-month term of probation. Thus, he had completed his sentence. Once defendant completed his sentence, his conviction was no longer an encumbrance. See *Martin-Trigona*, 111 Ill. 2d at 301, 489 N.E.2d at 1359. Defendant is therefore "no longer in need of the Act's remedial procedures to secure his liberty." *Martin-Trigona*, 111 Ill. 2d at 301, 489 N.E.2d at 1359. We therefore find that the trial

court did not err in finding that defendant lacked standing because he was not "imprisoned in the penitentiary" at the time he filed his petition.

While defendant relies heavily upon the holdings in *Davis*, *Correa*, *Martin-Trigona*, and *Montes* for the proposition that the Act is to be liberally construed to afford defendants an opportunity to assert deprivations of constitutional rights, defendants' cited cases all involve individuals who had been deprived of their liberty as a result of serving, as opposed to having served, some type of sentence. We find defendant's cited authority distinguishable on this ground. Relief under the Act is not available to defendants who have completed their sentences and merely seek to purge their criminal records. *People v. Pak*, 224 Ill. 2d at 150, 862 N.E.2d at 942.

We also reject defendant's claim that he is entitled to relief even if we find "that he is not imprisoned for purposes of the Act." "The *** Act is entirely a creature of statute, and the legislature has mandated specific requirements that a petitioner must meet to assert a claim under the Act." *People v. De La Paz*, 204 Ill. 2d 426, 448, 791 N.E.2d 489, 502 (2003). Defendant has failed to establish that he was "imprisoned in the penitentiary" at the time he filed his petition for postconviction relief. See 725 ILCS 5/122—1 (West 2006). Absent this showing, defendant lacks standing to pursue any relief under the Act.

For the foregoing reasons, we affirm the trial court's dismissal of defendant's postconviction petition.

Affirmed.

O'BRIEN, P.J., and SCHMIDT, J., concur.