# Illinois Official Reports

## Appellate Court

---

### *People v. Stavenger*, 2015 IL App (2d) 140885

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY STAVENGER, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0885 |
| Filed | July 9, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 03-CF-2341; the Hon. John J. Kinsella, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | J. Eric Pittman, of Law Office of J. Eric Pittman, of Naperville, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Roy Stavenger, appeals from the second-stage dismissal of his postconviction petition, contending that he has standing to bring the petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)) because, although he has completed his sentence, he is required to register as a sex offender. Because the registration requirement does not impose a restraint on his liberty, defendant lacks standing to bring the petition. Thus, we affirm.

¶ 2 **I. BACKGROUND**

¶ 3 Defendant pleaded guilty in the circuit court of Du Page County to one count of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2002)) and was sentenced to 24 months' probation and 180 days in jail. On July 28, 2010, defendant was discharged from probation.

¶ 4 On February 2, 2011, defendant filed a petition seeking relief pursuant to the Act and section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). He amended his petition in June 2012.

¶ 5 The State moved to dismiss the amended petition, asserting that defendant lacked standing under the Act and that the section 2-1401 claims were untimely. The trial court dismissed the amended petition as to both the claims under the Act and those under section 2-1401, and defendant filed a timely notice of appeal.

¶ 6 **II. ANALYSIS**

¶ 7 On appeal, defendant challenges only the dismissal of his claims under the Act.[1] He posits that because he must register as a sex offender he has standing to bring a petition under the Act. We review the second-stage dismissal *de novo*. See *People v. Carrera*, 239 Ill. 2d 241, 245 (2010).

¶ 8 Generally, to initiate an action under the Act, a person must be "imprisoned in the penitentiary." 725 ILCS 5/122-1(a) (West 2010). A defendant on probation satisfies that requirement. *People v. Martin-Trigona*, 111 Ill. 2d 295, 299-300 (1986). However, a remedy under the Act is available only to persons who are actually deprived of their liberty and not to those who have completely served their sentences and wish merely to purge their criminal records of past convictions. *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 10 (citing *Carrera*, 239 Ill. 2d at 257). Therefore, a defendant's liberty is the paramount interest under the Act. *Henderson*, 2011 IL App (1st) 090923, ¶ 10 (citing *People v. Pack*, 224 Ill. 2d 144, 150 (2007)).

¶ 9 A defendant's liberty is restrained if he is always on a string that the State may pull when it pleases. *Henderson*, 2011 IL App (1st) 090923, ¶ 11. Thus, a defendant retains standing under the Act so long as he is challenging a conviction from which he continues to serve some form

___

[1] In doing so, defendant contends, in part, that the trial court improperly dismissed his claims under the Act because the petition was untimely. The State, however, points out that untimeliness was a basis for dismissing only the section 2-1401 claims; thus, there is no issue regarding the timeliness of the claims under the Act.

of sentence, such that his liberty would be directly affected by invalidating his conviction. *Henderson*, 2011 IL App (1st) 090923, ¶ 11. When a defendant's conviction is no longer an actual encumbrance, he no longer needs assistance under the Act to secure his liberty, and, therefore, the Act is no longer available to him. *Henderson*, 2011 IL App (1st) 090923, ¶ 11. Collateral consequences resulting from a conviction are not actual restraints on liberty sufficient to implicate the Act. *People v. Rajagopal*, 381 Ill. App. 3d 326, 331 (2008).

¶ 10       In this case, defendant has unquestionably completed his sentence. He relies solely on the requirement that he register as a sex offender for his contention that the Act continues to apply to him.

¶ 11       That contention, however, has been previously rejected. The Third District Appellate Court has addressed the issue of whether registration as a sex offender is a restraint on liberty sufficient to trigger the Act or whether it is merely a collateral consequence of a defendant's conviction. *People v. Downin*, 394 Ill. App. 3d 141, 144 (2009). In holding that the registration requirement does not implicate the Act, the court concluded that such a requirement imposes no restraint on liberty. *Downin*, 394 Ill. App. 3d at 146. Only those persons whose liberty is actually restrained by their convictions are subject to the Act, and their sentences define the period of that restraint. *Downin*, 394 Ill. App. 3d at 146 (citing *Martin-Trigona*, 111 Ill. 2d at 299). The registration requirement is not an element of a defendant's sentence, nor does it purport to be part of a defendant's punishment. *Downin*, 394 Ill. App. 3d at 146. Once a defendant completes his sentence, his conviction is no longer an actual encumbrance, and he does not need the Act's remedial provisions to secure his liberty. *Henderson*, 2011 IL App (1st) 090923, ¶ 11; *Downin*, 394 Ill. App. 3d at 146; see also *People v. Adams*, 144 Ill. 2d 381, 387 (1991) (the duty to register as a sex offender is not punishment). Requiring a sex offender to register imposes no actual restraint on his liberty and is merely a collateral consequence of his conviction. *Downin*, 394 Ill. App. 3d at 146; see also *People v. Cowart*, 2015 IL App (1st) 131073, ¶ 13; *People v. Presley*, 2012 IL App (2d) 100617, ¶ 28.

¶ 12       Applying the reasoning of *Downin* to our case, we reject defendant's contention that he has standing under the Act by virtue of his having to register as a sex offender. Any restraint on defendant's liberty relating to his conviction terminated upon his having completed his sentence. See *Carrera*, 239 Ill. 2d at 253 (detention for purposes of possible deportation is not imprisonment within the meaning of the Act, as the defendant had already served his sentence). Therefore, he lacks standing to challenge his conviction under the Act.

¶ 13       Defendant endeavors to circumvent the holding of *Downin* by arguing that he has "affirmative restraints" placed on him by his sex-offender status, such as his being prohibited from being in certain places. See, *e.g.*, 720 ILCS 5/11-9.3 (West 2010). That argument fails, however, as any such restrictions are not part of his sentence or otherwise an actual restraint arising from defendant's conviction. They are, instead, merely collateral consequences of his conviction. See *Downin*, 394 Ill. App. 3d at 146.

¶ 14       Because registering as a sex offender is not part of defendant's sentence, does not place any actual restraint on his liberty, and is merely a collateral consequence of his conviction, defendant lacks standing to bring a petition under the Act.

¶ 15                              III. CONCLUSION

¶ 16          For the reasons stated, we affirm the judgment of the circuit court of Du Page County
dismissing defendant's postconviction petition.

¶ 17          Affirmed.