# Illinois Official Reports

## Appellate Court

---

> ### *People v. Dunn*, 2020 IL App (1st) 150198

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE DUNN, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-15-0198 |
| Filed | May 8, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 79-CR-4915; the Hon. Paul P. Biebel Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | J. Damian Ortiz, of UIC John Marshall Law School *Pro Bono* Litigation Clinic, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Mikva and Justice Cunningham concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Maurice Dunn, appeals from the circuit court's denial of leave to file a successive petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). On appeal, he contends that the court erred in denying him leave to file his successive petition when he had standing under the Act to pursue his claim of actual innocence because of the ongoing requirement that he register as a sex offender. We affirm.

¶ 2                                            I. JURISDICTION

¶ 3 The circuit court denied defendant's postconviction petition on December 3, 2014. Defendant filed a notice of appeal on December 19, 2014. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 651 (eff. July 1, 2017), governing appeals in postconviction proceedings.

¶ 4                                            II. BACKGROUND

¶ 5 Defendant was charged with rape and aggravated battery based upon an incident on July 30, 1979. His first trial ended in a mistrial. Defendant was then retried in September 1980. The evidence at defendant's second jury trial established that the victim, C.D., was sexually assaulted and choked by a man as she was walking her dog. C.D. saw the attacker's face and identified him as defendant in court. Defendant was found guilty of rape, aggravated battery causing great bodily harm, and aggravated battery on a public way. On October 10, 1980, defendant was sentenced to an extended term of 40 years in prison for rape.

¶ 6 On direct appeal, defendant contended that (1) his second trial violated double jeopardy, (2) he was denied the effective assistance of counsel because defense counsel was unprepared, (3) the trial court erred in denying a motion to suppress C.D.'s in-court identification, (4) he was not proven guilty beyond a reasonable doubt, (5) he was not indicted with aggravated battery on a public way, and (6) the trial court abused its discretion in sentencing him to an extended term. This court vacated defendant's conviction for aggravated battery on a public way and otherwise affirmed. See *People v. Dunn*, 1-80-2898 (1983) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7 In January 1989, defendant filed a *pro se* postconviction petition alleging that (1) he was denied the effective assistance of counsel, (2) the State withheld material evidence favorable to him, (3) the State used peremptory challenges to exclude black jurors, (4) his request for a reduction of sentence was proper, (5) the trial court erred in denying his motion to suppress the victim's in-court identification, (6) the trial court abused its discretion in sentencing him to an extended term, (7) his second trial violated double jeopardy, and (8) he was not proven guilty beyond a reasonable doubt. The petition was docketed and postconviction counsel appointed. On April 19, 1989, the State filed a motion to dismiss, which the circuit court granted on June 10, 1996.

¶ 8 While the petition was pending, defendant sent letters to the State and the trial court requesting genetic testing or "chemical castration." Defendant's attorney then filed a motion to compel genetic testing, which was later withdrawn.

¶ 9 On appeal, defendant contended that the circuit court erred in dismissing his postconviction petition, which contained a viable claim of innocence based on the assertion that genetic testing

would exonerate him. In the alternative, defendant requested that the case be remanded for further proceedings because he was denied the reasonable assistance of postconviction counsel when she did not amend his *pro se* petition to include a claim of actual innocence. This court reversed the dismissal of defendant's petition and remanded the cause to the circuit court for consideration of defendant's motion for genetic testing. *People v. Dunn*, 306 Ill. App. 3d 75, 80-81 (1999). The record reveals that defendant's motion for genetic testing was ultimately dismissed by the circuit court.

¶ 10 Defendant was released from prison in June 2001. He subsequently completed parole and registered as a sex offender.[1]

¶ 11 On July 23, 2014, defendant sought leave, through counsel, to file a successive petition for postconviction relief alleging actual innocence. The petition acknowledged that defendant was "no longer serving a custodial sentence" but asserted that section 122-1(c) of the Act eliminated the statute of limitations for claims of actual innocence "regardless of custodial status." The petition then alleged actual innocence based upon new evidence that (1) C.D. misidentified defendant in a police lineup "based on analysis of the lineup using recently[ ]enacted Illinois standards"; (2) the State willfully or inadvertently concealed C.D.'s rape kit before defendant's first trial; and (3) Vernon Watson, who was convicted for a series of "nearly identical" sexual assaults in the same area where C.D. was assaulted, made a "tacit" confession. The circuit court entered a written order denying defendant leave to file the petition because he lacked standing under the Act when he was neither in prison nor on parole. Defendant filed a timely notice of appeal.

¶ 12                                                      III. ANALYSIS

¶ 13 On appeal, defendant contends that the fact that he has completed his sentence does not prevent him from advancing a claim of actual innocence under the Act. He notes that although he has completed his sentence and parole, he is still required to register as a sex offender, which entails restrictions on his residence and employment as well as sanctions for nonregistration. The State responds that the circuit court properly denied defendant leave to file a successive postconviction petition based upon a lack of standing because he completed his sentence and parole more than a decade before he sought leave to file the petition at issue.

¶ 14 The Act contemplates the filing of only one petition without leave of court (725 ILCS 5/122-1(f) (West 2014)), and "any claim not presented in an original or amended petition is waived." *People v. Sanders*, 2016 IL 118123, ¶ 24. A defendant must overcome "immense procedural default hurdles" in order to file a successive postconviction petition. *People v. Tenner*, 206 Ill. 2d 381, 392 (2002). Leave of court may be granted when a defendant demonstrates cause for failing to raise the claim in his earlier petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2014). "Cause" is established when the defendant shows that some objective factor impeded his ability to raise the claim in the original postconviction proceeding. *Tenner*, 206 Ill. 2d at 393. "Prejudice" is established when the defendant shows that the claimed error so infected his trial that the resulting conviction violated

_____

[1]Although defendant states in his brief that he was released from prison in 2002, he stated in a *pro se* filing in the record that he was released from prison in June 2001. The parties agree that defendant has completed his parole and is a registered sex offender, although the record does not reveal the precise dates he was released and registered.

due process. *Id.* A defendant must establish both cause and prejudice. *People v. Edwards*, 2012 IL 111711, ¶ 22. We review *de novo* the trial court's denial of leave to file a successive postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 15    Generally, to initiate an action under the Act, a person must be "imprisoned in the penitentiary." 725 ILCS 5/122-1(a) (West 2014). Our supreme court has determined that a defendant is " 'imprisoned' " when his liberty is curtailed in some way by the State because of the criminal conviction that he is attempting to challenge. *People v. Carrera*, 239 Ill. 2d 241, 246-47 (2010). A defendant's liberty is curtailed when he is "always on a string, and [the State] may pull the string whenever [it] please[s]." (Internal quotation marks omitted.) *People v. Martin-Trigona*, 111 Ill. 2d 295, 300 (1986).

¶ 16    "[A] defendant retains standing under the Act so long as he is challenging a conviction from which he continues to serve some form of sentence, such that his liberty would be directly affected by invalidating his conviction." *People v. Stavenger*, 2015 IL App (2d) 140885, ¶ 9; see also *People v. Pack*, 224 Ill. 2d 144, 147, 152 (2007) (a defendant sentenced to aggregate term of 67 years in prison could bring a claim under the Act 13 years after sentencing, challenging a conviction that resulted in a 7-year sentence because invalidation of that conviction would advance his release date); *Martin-Trigona*, 111 Ill. 2d at 300 (defendant who posted appeal bond had standing to file postconviction petition because he could not leave the state without the court's permission, leave the country under any circumstances, or change his residence without restrictions); *People v. Correa*, 108 Ill. 2d 541, 546 (1985) (defendant who was serving a term of mandatory supervised release had standing to file postconviction petition, as the Department of Corrections retained custody of, and still supervised, defendant).

¶ 17    However, "the Act and its remedies are not available to defendants who have completed their sentences and merely seek to purge their criminal records." *People v. Rajagopal*, 381 Ill. App. 3d 326, 330 (2008). A defendant who is no longer serving any part of his sentence lacks standing to bring a claim under the Act. *Carrera*, 239 Ill. 2d at 243-44, 257 (defendant who was subject to deportation but had completed probation lacked standing to bring a claim under the Act); *Stavenger*, 2015 IL App (2d) 140885, ¶ 12 (defendant who completed his sentence but had to register as sex offender lacked standing to bring a claim under the Act).

¶ 18    In this case, it is undisputed that defendant has completed his sentence and parole. In 2014, when defendant sought leave to file a successive postconviction petition, invalidating his conviction would not have affected his liberty. Accordingly, defendant lacked standing to file a postconviction petition in 2014 because he was no longer completing any part of his sentence. Defendant, however, contends that he has standing under the Act because he is required to register as a sex offender. We disagree, as collateral consequences resulting from a conviction are not actual restraints on liberty sufficient to implicate the Act. See *Rajagopal*, 381 Ill. App. 3d at 331.

¶ 19    In *People v. Downin*, 394 Ill. App. 3d 141, 144 (2009), the court addressed the issue of whether registration as a sex offender was a restraint on liberty sufficient to trigger the Act or merely a collateral consequence of a defendant's conviction. The court concluded that the registration requirement does not implicate the Act, as the registration requirement did not impose a restraint on liberty and was neither an element of the defendant's sentence nor part of his punishment. *Id.* at 146. Once a defendant completes his sentence, his conviction is no longer an actual encumbrance, and he does not need the Act's remedial provisions to secure his liberty. *Id.*; see also *People v. Cardona*, 2013 IL 114076, ¶ 24 (sex offender registration is

not a punishment; "[r]ather, it is a regulatory scheme designed to foster public safety"). The court concluded that requiring a sex offender to register imposed no actual restraint on his liberty and was merely a collateral consequence of his conviction. *Downin*, 394 Ill. App. 3d at 146. Accordingly, a defendant who has completed his sentence in its entirety lacks standing to file a postconviction petition, despite the registration requirement. *Id.* at 146-47; see also *Stavenger*, 2015 IL App (2d) 140885, ¶ 12 (rejecting the "defendant's contention that he has standing under the Act by virtue of his having to register as a sex offender").

¶ 20        Similarly, here, defendant does not have standing under the Act based upon the fact that he has to register as a sex offender. Any restraint on defendant's liberty relating to his conviction terminated upon the completion of his sentence. See *Carrera*, 239 Ill. 2d at 253 (detention for purposes of possible deportation is not imprisonment within the meaning of the Act, as the defendant had already served his sentence). Therefore, defendant lacks standing to challenge his conviction under the Act. We are unpersuaded by defendant's argument that because his sex offender status prohibits him from certain residences or jobs, his liberty is effectively restrained. Any such restrictions are not part of his sentence or otherwise an actual restraint arising from his conviction. They are, instead, merely collateral consequences of his conviction. See *Downin*, 394 Ill. App. 3d at 146.

¶ 21        Therefore, because defendant was no longer serving any portion of his sentence when he filed a motion for leave to file a successive postconviction petition, he had no standing to seek postconviction relief (*Stavenger*, 2015 IL App (2d) 140885, ¶ 9), and the circuit court properly denied him leave to file the petition.

¶ 22                                            IV. CONCLUSION
¶ 23        For the forgoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24        Affirmed.