**STATE of Minnesota, Respondent,**

v.

**Carlos RODRIGUEZ, a/k/a Chester Earl Scott, petitioner, Appellant.**

No. C1–98–1936.

Court of Appeals of Minnesota.

April 13, 1999.

Review Denied May 26, 1999.

for simple robbery, arguing that he entered them unintelligently because he was not informed of the consequences of possessing a firearm after a felony conviction. We affirm.

## FACTS

In 1992, appellant Carlos Rodriguez, a/k/a Chester Earl Scott, was convicted in Hennepin County District Court of two counts of simple robbery pursuant to guilty pleas and sentenced to concurrent 23– and 27–month terms of imprisonment. Execution of his sentences was initially stayed, but a new conviction resulted in the stay being revoked.

After his release from prison, Rodriguez was charged and convicted in federal district court of being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (1994). A mandatory 15–year term of imprisonment was imposed. Rodriguez then filed a petition for postconviction relief in Hennepin County District Court to withdraw his guilty pleas for the 1992 robbery convictions. The district court denied his petition.

## ISSUE

Did the postconviction court abuse its discretion by denying appellant's postconviction petition to allow the withdrawal of his guilty pleas after ruling that the loss of the right to possess a firearm is a collateral consequence of his pleas?

## ANALYSIS

■ An appellate court reviews a postconviction proceeding to establish only whether there is sufficient evidence to support the postconviction court's findings. *Roby v. State*, 531 N.W.2d 482, 483 (Minn. 1995). Absent an abuse of discretion by the postconviction court, a reviewing court will uphold the postconviction court's decision. *Id.*

■ A defendant generally does not have an absolute right to withdraw a plea of guilty. *Shorter v. State*, 511 N.W.2d 743, 746 (Minn.1994). Minn. R.Crim. P. 15.05, subd. 1, allows for withdrawal of a plea after sentencing, provided the request is timely and withdrawal is necessary to correct a manifest injustice. A manifest injustice will be found

Mike Hatch, Attorney General, St. Paul, Amy Klobuchar, Hennepin County Attorney, J. Michael Richardson, Assistant County Attorney, Minneapolis, for respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by HARTEN, Presiding Judge, RANDALL, Judge, and SHUMAKER, Judge.

## OPINION

RANDALL, Judge.

Appellant challenges the district court's denial of his petition for postconviction relief. Appellant seeks to withdraw his guilty pleas

when a guilty plea fails the constitutional requirement that a plea be accurate, voluntary, and intelligent. *Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998).

Rodriguez contends that his pleas of guilty were not entered intelligently because neither the court nor his counsel informed him that as a result of his pleas he would lose his right to possess a firearm. Rodriguez claims that the loss of the right to possess a firearm is a direct consequence of his plea and that, as such, he had a right to be informed of the consequence at the time he entered his pleas.

The outcome of this case hinges on the definition of "direct" and "collateral" consequences. These two terms have not been explicitly defined in Minnesota. If the loss of the right to carry a gun is determined to be a "direct" consequence of Rodriguez's plea, Rodriguez was entitled to such information when he entered the pleas. *See Alanis*, 583 N.W.2d at 578 (stating knowledge of direct consequences of guilty plea is requirement for intelligent plea). If the loss of the right to possess a gun is found to be a "collateral" consequence, there was no duty upon either defense counsel or the court to inform Rodriguez of such consequences at the time the pleas were entered. *See Kim v. State*, 434 N.W.2d 263, 266 (Minn.1989) (stating ignorance of collateral consequence does not entitle defendant to withdraw guilty plea).

Minnesota has not determined whether the prohibition against firearm possession after a felony conviction is a direct or collateral consequence. The Minnesota Supreme Court recently held that deportation is a collateral consequence and held that "direct consequences are those which flow definitely, immediately, and automatically from the guilty plea—the maximum sentence and any fine to be imposed." *Alanis*, 583 N.W.2d at 578.

We are guided by other states that have considered this issue. The Iowa Supreme Court has held that prohibition of firearm possession is a clear collateral consequence of a third-degree theft conviction. *Saadiq v. State*, 387 N.W.2d 315, 325 (Iowa 1986). Likewise, the Washington Court of Appeals has held that the loss of the right to possess

a gun is only a collateral consequence of a guilty plea for a felony charge. *State v. Ness (In re Application for Relief from Personal Restraint of Ness)*, 70 Wash.App. 817, 855 P.2d 1191, 1195 (1993), *review denied* 123 Wash.2d 1009, 869 P.2d 1085 (1994). Other states have similarly observed that the loss of the right to possess a firearm is a collateral consequence of a guilty plea for a felony charge. *See, e.g., Polk v. State*, 405 So.2d 758, 762 (Fla.Dist.Ct.App.1981) (holding district court need not advise defendant of all collateral consequences of pleading guilty, including loss of right to possess firearm); *People v. Ford*, 86 N.Y.2d 397, 633 N.Y.S.2d 270, 657 N.E.2d 265, 268 (1995) (noting loss of right to possess firearm is collateral consequence of pleading guilty); *Commonwealth v. Frometa*, 520 Pa. 552, 555 A.2d 92, 93 n. 1 (1989) (observing loss of right to own firearm is collateral consequence of pleading guilty).

■ Rodriguez has a compelling argument. He was never told that as a result of his guilty pleas he could never possess a firearm. It might be that had Rodriguez been informed of the consequences of possessing a firearm he may have conducted himself differently, and possibly avoided a mandatory federal 15-year prison sentence. But that is speculation and does not change the facts or the difference between state crimes and what the federal government chooses to do or not do. The federal government's decision to prosecute for felon in possession is independent of anything a state court does. The federal government is under no duty to bring the charge, but may use its discretion. The state court judge here had no input as to what decision the federal government might make down the road. Also, the federal government has no legal requirement to appear in state court and speculate as to what they might do in the future.

We conclude that the loss of the right to possess a firearm is a heavy, but still collateral, consequence of pleading guilty to a felony charge. The district court did not err by denying Rodriguez's postconviction petition to withdraw his guilty pleas.

## DECISION

The district court did not err when it refused to grant a petition for postconviction relief after ruling that the loss of the right to possess a firearm is a collateral consequence.

**Affirmed.**