**STATE of Minnesota, Respondent,**

v.

**Edward WASHBURN, Appellant.**

**No. C5–99–721.**

Court of Appeals of Minnesota.

Nov. 9, 1999.

Jerry Strauss, Rachael Goldberger, Strauss & Associates, Minneapolis, MN (for appellant).

Mike Hatch, Attorney General, St. Paul, MN; and Michael J. Scott, Jensen, Hicken & Scott, P.A., Anoka City Prosecutor, Anoka, MN (for respondent).

Considered and decided by SHORT, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

SHORT, Judge.

On appeal from a denial of his motion to vacate, Edward Washburn argues his guilty plea to gross misdemeanor driving while under the influence (DWI) was not intelligent and created a manifest injustice under Minn. R.Crim. P. 15.05, subd. 1.

## FACTS

On November 29, 1998, a police officer arrested Washburn for DWI. Washburn's intoxilyzer test indicated a .09 alcohol concentration. Because he had three prior DWI convictions, Washburn was charged with two counts of gross misdemeanor DWI.

On March 2, 1999, Washburn pleaded guilty to one count of gross misdemeanor, DWI, second within five years. He was represented by counsel at the time of the plea and sentencing, and tendered a Rule 15 petition to enter a guilty plea. On questioning from the trial court, Washburn admitted he was driving a motor vehicle while under the influence of alcohol on Anoka streets or highways on November 29 and that the offense was his second of this offense type within five years. The court accepted the plea and sentenced Washburn to one year in jail and a $1,000 fine, stayed for two years under the condition he serve 90 days in jail, pay $400, seek a chemical dependency evaluation and follow any recommendations, and not commit a same or similar offense.

As a result of Washburn's conviction and his prior record, the Minnesota Department of Public Safety revoked his driver's license. On April 8, 1999, Washburn moved to vacate because he was not informed that his driver's license could be revoked as a result of entering a guilty plea to DWI with less than .10 alcohol concentration. The trial court denied the motion.

## ISSUE

Is withdrawal of Washburn's guilty plea necessary to correct a manifest injustice?

## ANALYSIS

A criminal defendant has no absolute right to withdraw a guilty plea once it is entered. *Alanis v. State,* 583 N.W.2d 573, 577 (Minn.1998). Because of public

**246**

policy favoring the finality of judgments, courts

> are not disposed to encourage accused persons to "play games" with the courts * * * by setting aside judgments of conviction based upon pleas made with deliberation and accepted by the court with caution.

*Chapman v. State,* 282 Minn. 13, 16, 162 N.W.2d 698, 700 (1968) (quoting *Everett v. United States,* 336 F.2d 979, 984 (D.C.Cir. 1964)). However, after sentencing, withdrawal of a plea will be allowed upon a timely motion when the defendant proves withdrawal is necessary to correct a manifest injustice. Minn. R.Crim. P. 15.05, subd. 1; *Alanis,* 583 N.W.2d at 577.

▮ Manifest injustice exists when a defendant can show the guilty plea was not accurate, voluntary, and intelligent. *Alanis,* 583 N.W.2d at 577; *State v. Kaiser,* 469 N.W.2d 316, 319 (Minn.1991). A plea is intelligent if the defendant understands the charges, his or her rights under the law, and the direct consequences of pleading guilty to the charged offense. *Alanis,* 583 N.W.2d at 577. A decision to permit withdrawal of a guilty plea will be reversed only if the trial court abused its discretion. *Kim v. State,* 434 N.W.2d 263, 266 (Minn. 1989); *see* Minn. R.Crim. P. 15.05, subd. 1 (permitting withdrawal of plea after sentencing to correct manifest injustice).

▮ Washburn argues his plea was not made intelligently because he failed to understand the possible effect on his driver's license. But Washburn need only be informed of the direct consequences of his plea. *See Alanis,* 583 N.W.2d at 578 (holding criminal defendant only entitled to warning of guilty plea's direct consequences). Direct consequences "flow definitely, immediately, and automatically from the guilty plea." *Id.* at 578 (noting maximum sentence and fine are direct consequences). Because revocation of driving privileges depends on an action by the Minnesota Department of Public Safety, it is a collateral consequence of Washburn's guilty plea. *See State v. Thoma,* 569

N.W.2d 205, 209 (Minn.App.) (noting collateral consequence of license suspension was not special circumstance warranting stay of adjudication), *aff'd mem.,* 571 N.W.2d 773 (Minn.1997); *Moore v. Hinton,* 513 F.2d 781, 782–83 (5th Cir.1975) (holding suspension of driver's license collateral consequence of pleading guilty to driving while intoxicated); *see also Alanis,* 583 N.W.2d at 578 (holding deportation collateral consequence of guilty plea); *State v. Rodriguez,* 590 N.W.2d 823, 825 (Minn.App.1999) (holding loss of right to possess firearms collateral consequence of pleading guilty to felony), *review denied* (Minn. May 26, 1999).

At all relevant times, legal counsel represented Washburn. Washburn read and signed the guilty plea petition. In addition, he does not assert the existence of new evidence tending to prove his innocence or suggest evidence of misrepresentation by the state or court. Under these circumstances, Washburn's guilty plea was intelligent and he has failed to establish that a manifest injustice will result from the trial court's denial of his motion to vacate.

### DECISION

Washburn's ignorance of the fact that his driving privileges would be revoked after he pleaded guilty to driving under the influence with a .09 alcohol concentration does not constitute a manifest injustice requiring withdrawal of his guilty plea.

**Affirmed.**