**STATE of Minnesota, Respondent,**

v.

**Willie James CRUMP, Appellant.**

**No. A12–0912.**

Court of Appeals of Minnesota.

March 4, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Cathryn Middlebrook, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HOOTEN, Presiding Judge; CONNOLLY, Judge; and RODENBERG, Judge.

## OPINION

HOOTEN, Judge.

Appellant challenges the district court's denial of his pre-sentence motion to withdraw his guilty plea on the basis that the plea was unintelligent and therefore invalid. Appellant claims, at the time of his plea, he did not know that he would subsequently be charged with another crime resulting from a separate prior incident and that the conviction associated with his plea could adversely affect any conviction and sentence for the new charge. Because the effect of a guilty plea on a future charge arising out of a separate incident is a collateral consequence, we affirm.

## FACTS

On December 23, 2011, at approximately 12:25 a.m., a Minneapolis police officer observed appellant Willie James Crump's vehicle traveling at a high rate of speed. The officer activated the emergency lights of his squad car and pulled up behind appellant's vehicle. In response to the officer's actions, appellant stopped his vehicle in the middle of the road, then quickly drove away as the officer exited his vehicle and approached appellant's car. The police officer, with his emergency lights on, followed appellant as other police officers joined in the chase. Appellant's vehicle was eventually stopped when the police officers rammed it with their squad cars. As the officers approached his vehicle, appellant threw a baggie of what was suspected to be crack cocaine out his window. Following his arrest, appellant was

charged with fleeing a police officer in a motor vehicle in violation of Minn.Stat. § 609.487, subd. 3 (2010).

On January 17, 2012, at a pretrial hearing, the prosecutor indicated that appellant had accepted a plea agreement. The prosecutor outlined the expected sentence and indicated that the plea was being offered in forbearance of a potential controlled-substance charge. In response to the district court's inquiry as to whether appellant would accept the plea, both appellant and his attorney responded in the affirmative. Appellant stated that he understood that he would be pleading guilty and that he did not have any questions for the court. In conjunction with his plea, appellant acknowledged that: he did not have to plead guilty; he understood that he could go to trial on the charge; he and his attorney had discussed the plea agreement "line by line," as well as the rights being waived, including his right to trial; no one forced him into the agreement; and he did not have any questions about the process. Appellant then pleaded guilty to the charge of fleeing a police officer and provided a factual basis for the offense. The district court accepted the plea, found appellant guilty of the charge, and scheduled sentencing.

At the sentencing hearing, appellant moved to withdraw his guilty plea. Appellant's attorney explained that appellant was suspected of driving while intoxicated (DWI) on November 11, 2011—before his arrest for fleeing a police officer on December 23, 2011—but was not charged with that crime until January 18, 2012, one day after pleading guilty to the fleeing charge. Appellant's attorney argued that the delay in charging appellant with the DWI caused his plea to be unintelligent because his conviction for the fleeing charge would potentially affect his sentence in the DWI case. Appellant's attor-

ney did not specify any particular consequences from his plea on the DWI case, but stated that the delay in charging the DWI "certainly changed … the landscape" of appellant's cases.

In response, the prosecutor argued that the DWI charge that was filed after appellant's guilty plea was unrelated to the fleeing charge and that his plea was intelligent and voluntary. The prosecutor argued that at the time of his plea, appellant must have known of the potential for a future charge because "he was stopped and arrested" for a DWI offense. Further, the prosecutor argued that "[b]ecause [appellant] has three criminal history points he's looking at a presumptive prison commit on the DWI, even absent his guilty plea for the fleeing." Finally, the prosecutor stated that the "offer on [the] fleeing case would have been the same" even if the DWI had been charged at the time of the plea agreement.

The district court denied the motion to withdraw the guilty plea, noting that it had "a recollection of the entry of the plea" and "it was a knowing, voluntary, intelligent entry of the plea." After denying the motion to withdraw the plea, the district court dealt with the November 11, 2011 DWI charge; the district court found probable cause, arraigned appellant, accepted appellant's not guilty plea, and set bail. The district court then asked appellant if he had anything to add before sentencing on the fleeing charge. Appellant declared that he would have never agreed to the plea agreement if he had known that he was going to be charged with another crime. Appellant indicated that part of his displeasure with the result of the agreement was that he would "still have to go to other counties," ostensibly because of other unrelated criminal charges. Despite these protestations, the district court sen-

tenced appellant according to the terms of the guilty plea. This appeal follows.

## ISSUES

I. Does ignorance of a plea's potential consequences on other future criminal charges render the plea unintelligent and invalid?

II. Did the district court apply the correct standard and adequately express its reasons for the denial of appellant's motion to withdraw his guilty plea?

## ANALYSIS

Appellant challenges the district court's denial of his motion to withdraw his plea. First, appellant argues that his ignorance as to the effects of his guilty plea on a subsequent charge resulting from a prior, separate incident caused his plea to be unintelligent and therefore invalid. Second, appellant argues that the district court applied the wrong standard and did not adequately express its reasons for denying his plea withdrawal motion.

A district court "must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R.Crim. P. 15.05, subd. 1. But where the motion is made prior to sentencing, the district court has discretion to allow a defendant to withdraw a guilty plea "if it is fair and just to do so" giving "due consideration to the reasons advanced by the defendant in support of the motion and any prejudice" to the prosecution. *Id.*, subd. 2. Although it is a lower burden, the fair-and-just standard "does not allow a defendant to withdraw a guilty plea for simply any reason." *State v. Theis*, 742 N.W.2d 643, 646 (Minn.2007) (quotation omitted). Allowing a defendant to withdraw a guilty plea "for any reason or

without good reason" would "undermine the integrity of the plea-taking process." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). Regardless of the standard applied, a plea must be valid, meaning that it must be accurate, voluntary, and intelligent. *Theis*, 742 N.W.2d at 646; *see also State v. Raleigh*, 778 N.W.2d 90, 94 (Minn.2010).

We review a district court's decision to deny a motion to withdraw a guilty plea under the fair-and-just standard for an abuse of discretion, reversing only in the "rare case." *Kim*, 434 N.W.2d at 266. The defendant bears the burden of advancing reasons to support withdrawal and in showing that a plea was invalid. *Id.; Raleigh*, 778 N.W.2d at 94. The state bears the burden of showing prejudice caused by withdrawal. *State v. Wukawitz*, 662 N.W.2d 517, 527 (Minn.2003).

## I. Does ignorance of a plea's potential consequences on other future criminal charges render the plea unintelligent and invalid?

Appellant argues that the district court abused its discretion by denying his motion to withdraw his plea because he was ignorant of the consequences of his plea on his sentence for a future unrelated charge. Appellant argues that his "guilty plea to [the] fleeing offense had a direct and automatic effect of increasing his criminal history score for the DWI charge," and that his ignorance of that effect caused the plea to be invalid. Appellant claims this is a direct, rather than collateral, consequence of his plea.

"[A] guilty plea is valid if a defendant is aware of the direct consequences of pleading guilty." *Sames v. State*, 805 N.W.2d 565, 568 (Minn.App. 2011). "[D]irect consequences are those which flow definitely, immediately, and automatically from the guilty plea," such as

"the maximum sentence to be imposed and the amount of any fine." *Alanis v. State,* 583 N.W.2d 573, 578 (Minn.1998), *abrogated in part by Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), *as recognized in Campos v. State,* 816 N.W.2d 480, 485 (Minn.2012). Thus, if a defendant has been advised incorrectly about the sentence flowing from a plea, the plea may not be accurate, voluntary, and intelligent. *See State v. Jumping Eagle,* 620 N.W.2d 42, 44 (Minn.2000) (invalidating sentence based on plea agreement induced by incorrect belief of maximum sentence).

█ Conversely, collateral consequences do not flow definitely, immediately, and automatically from the guilty plea. *Sames,* 805 N.W.2d at 568. Generally, collateral consequences "are not punishment" but are "civil and regulatory in nature and are imposed in the interest of public safety." *Kaiser v. State,* 641 N.W.2d 900, 905–07 (Minn.2002) (classifying sex-offender registration as collateral consequence); *see also Sames,* 805 N.W.2d at 569 ("[T]he risk of becoming ineligible to possess a firearm is a collateral consequence of a guilty plea."); *State v. Washburn,* 602 N.W.2d 244, 246 (Minn.App. 1999) (classifying revocation of driving privileges following DWI conviction as collateral consequence). It is well settled that "ignorance of a collateral consequence does not entitle a criminal defendant to withdraw' a guilty plea." *Sames,* 805 N.W.2d at 568 (quotation and alteration omitted).

Appellant does not offer any authority for the proposition that the effect of his plea upon a future criminal charge is a direct, rather than collateral, consequence. Indeed, we have not found any support for that position. Rather, this court has indicated that:

A guilty plea made intelligently and knowingly will not be invalidated simply because a defendant is not informed that if he commits additional crimes in another jurisdiction, that jurisdiction may sentence him as a habitual offender. The ramifications of a plea on a future sentence in another jurisdiction cannot be predicted.

*State v. Garritsen,* 371 N.W.2d 251, 253 (Minn.App.1985); *see also United States v. Lambros,* 544 F.2d 962, 966 (8th Cir.1976) (holding that "the possibility of enhanced punishment in a [future case] is a collateral and not a direct consequence of the guilty plea."); *State v. Rodriguez,* 590 N.W.2d 823, 825 (Minn.App.1999) (holding that a prohibition on possession of a firearm is a collateral consequence of a plea, even when it later provides the basis for a federal charge), *review denied* (Minn. May 26, 1999).

These cases make clear that the effects of a plea on a future criminal charge depend almost entirely on factors unrelated to the plea itself. Among other variables, the prosecutor has considerable discretion in bringing a charge. *See Rodriguez,* 590 N.W.2d at 825 (noting that the federal government "may use its discretion" in deciding whether to charge or prosecute a later case, and that the state district court has "no input as to what decision the federal government might make down the road"). Once the prosecutor brings the charge, there are additional hurdles that must be overcome by the state before a defendant may be convicted, such as overcoming constitutional challenges, obtaining sufficient proof of defendant's guilt, and convincing a court or jury of such guilt beyond a reasonable doubt. If the defendant is found guilty, the sentence imposed upon the defendant is usually subject to the discretion of the prosecution and the court, which is influenced by input from the defendant, probation, and the victim.

There is also the question of whether the conviction and sentence will be upheld by the appellate courts. None of these factors flow directly and automatically from a defendant's plea to a prior unrelated charge. Rather, these factors create contingencies that make any effect of a plea on a future charge, conviction, and sentence uncertain.

Moreover, whether a plea may ultimately have a collateral consequence upon future charges and sentences is within the control of the defendant, i.e., it is dependent on the commission of other or future crimes. In this case, prior to his plea, appellant had been stopped and arrested for DWI in the same county, but the DWI charge resulting from that arrest was not filed against him until after his plea. Based upon his own statements at sentencing, he was also aware that he had other charges in other counties. Under these circumstances, neither the court nor the attorney should have to warn appellant of the collateral consequences of his plea upon unrelated, uncharged offenses or future offenses. As succinctly stated in *Lewis v. United States,* a warning that the sentences for future convictions after a plea may be enhanced "is needless." 902 F.2d 576, 577 (7th Cir.1990). "[E]veryone knows that second and subsequent offenders tend to be punished more heavily than first offenders. The warning is also premature. It is about a contingency that may not occur." *Id.* "Put simply," the possibility of an enhanced sentence in another case "is no automatic consequence." *United States v. Reeves,* 695 F.3d 637, 640 (7th Cir.2012).

While in this case appellant was charged with a crime for conduct which occurred prior to his plea and the new charge issued after his plea was in the same county, we do not believe that those facts distinguish this case from the cases cited above. There is no indication that the prosecutor in this case had any involvement with the charging of the DWI offense, or even knew about the conduct upon which the DWI charge is based. Appellant's attorney, in presenting the motion to withdraw appellant's plea, disclaimed the "suggesti[on] there was any bad faith by the County Attorney's Office." Because the possible effect that appellant's plea has upon a future charge is a collateral rather than a direct consequence, we conclude that neither the defense attorney nor the district court had a duty to inform appellant of any such collateral consequence at the time his plea was entered and that a defendant's ignorance of those consequences does not render the guilty plea unintelligent or invalid.

## II. Did the district court apply the correct standard and adequately express its reasons for the denial of appellant's motion to withdraw his guilty plea?

Appellant argues that, because the district court failed to adequately state the reasons for denying the motion, *State v. Kaiser* requires this court to remand the case to the district court for a fuller explanation of the reasons for denial.[1] 469 N.W.2d 316, 319 (Minn.1991). In *Kaiser,* the supreme court held that the trial court erred by not allowing defendant to testify at a hearing to support his claim that his plea was coerced by his attorney and that this court erred in conducting its own review of the record to determine the propri-

---

1. Appellant also cites *State v. Crawford,* No. A06–323, 2007 WL 47029 (Minn.App. Jan. 9, 2007), in support of this argument. However, since *Crawford* is an unpublished opinion of this court and is not precedential, we decline to consider this case. Minn.Stat. § 480A.08, subd. 3(c) (2012).

ety of the denial. *Id.* Thus, as applied to this case, *Kaiser* merely requires the district court to express its reasons for denying the plea withdrawal motion sufficiently to allow this court's review. Here, the district court judge who denied appellant's withdrawal motion also presided over appellant's plea, and stated that he had "a recollection of the entry of the plea" and that "it was a knowing, voluntary, intelligent entry of the plea." Because appellant's sole argument is that his plea was unintelligent and invalid, the district court's stated reasons for denying appellant's motion are sufficient to permit review.

Appellant also argues that, "[w]hile the [district court] did acknowledge that the 'fair and just' standard was the appropriate standard for review, it is clear the judge did not use that standard." Appellant argues that the district court judge's responses—that he recalled the entry of the plea and had read the plea petition—"would not provide the [district court] with any information about the reasons appellant wanted to withdraw the plea." But, at the sentencing hearing and on appeal, appellant's argument has been the same—

that his plea was not valid when entered because of the new DWI charge and that it is therefore fair and just to allow withdrawal. Thus, the district court's statements at the sentencing hearing were a proper response to the issue of the plea's validity, and because appellant did not advance any other reasons why withdrawal would be fair and just, no further analysis was warranted.

## DECISION

The effect a conviction may have upon future unrelated criminal charges is a collateral consequence of that conviction, so that ignorance of such consequence does not render the guilty plea that led to the conviction unintelligent or invalid. As a result, the district court did not abuse its discretion in denying appellant's motion to withdraw his plea.

**Affirmed.**