*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2132**

State of Minnesota,
Respondent,

vs.

Mohammed Mohammed Ali,
Appellant.

**Filed October 6, 2014
Affirmed
Hudson, Judge**

Ramsey County District Court
File No. 62-CR-13-3517

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Hudson, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**HUDSON**, Judge

        Appellant Mohammed Mohammed Ali pleaded guilty to misdemeanor domestic assault and then moved to withdraw his plea before sentencing, arguing that it was fair

and just for the district court to permit withdrawal. The district court denied the motion, and appellant argues that the district court abused its discretion because his plea was involuntary and inaccurate. Because the district court did not abuse its discretion by denying appellant's motion, we affirm.

## FACTS

Appellant was charged with felony terroristic threats after he allegedly frightened his daughter by telling her that he was going to kill her. On August 5, 2013, appellant signed a plea petition stating that he "freely and voluntarily" agreed to plead guilty to an amended charge of misdemeanor domestic assault because he "used words that caused [his] daughter . . . to fear for her safety." At a plea hearing held that day, appellant was assisted by an interpreter and pleaded guilty to the amended charge. He stated that he did not recall the precise words that he used, but he agreed that he "used words that caused [his] daughter to fear for her safety," that he "used language that caused her to be scared," and that "she was so scared that she feared for her physical safety." Appellant affirmed several times that he was pleading guilty because the amended charge was true and he was guilty. He acknowledged that he was giving up his rights to a trial where the state would have the burden of proving him guilty beyond a reasonable doubt, to call witnesses to testify on his behalf, and to decide whether to testify himself. He confirmed that he read through the plea petition with his attorney and an interpreter, that he did not have questions about his rights or the plea, and that he was given enough time to talk to his attorney.

2

Appellant appeared for sentencing on September 24, 2013, and requested permission to withdraw his guilty plea. Following the plea hearing, he had reported that "his attorney pressured him into pleading" and told him to "just say yes" to the questions being asked. Appellant claimed that he was "not guilty of anything" and that he agreed to plead guilty because he was in jail, he lost his job, and his wife and children lost their home. The district court noted that appellant was asked several times at the plea hearing whether he was pleading guilty because he was guilty, and the court stated that it "c[ould]n't imagine" concluding that appellant was lying during that hearing. The district court nonetheless granted a continuance to permit the defense to determine whether a different attorney would need to argue appellant's motion.

Appellant appeared in court with an alternate attorney on October 1, 2013, and moved to withdraw his guilty plea "because it would be fair and just to do so." Appellant claimed that his attorney at the plea hearing told him "everything that I say to you, you say yes and so we can finish this thing." He further claimed that his attorney "forc[ed] him] to accept the deal" by telling him "you are a black man, if you go to trial . . . nobody's going to give you a break" and "[y]ou are Muslim, and because you are a Muslim at the trial you will be accused of a crime that you did not commit." The district court stated that it was "very thorough" when accepting guilty pleas and that it was "convinced that [appellant] knowingly and intelligently entered [his] guilty plea." The district court denied appellant's motion for plea withdrawal and imposed a sentence. This appeal follows.

**D E C I S I O N**

Appellant argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. He claims that his plea was involuntary and inaccurate and that it would have been fair and just to permit withdrawal. He asks this court to either direct the district court to allow plea withdrawal or require the district court to hold an evidentiary hearing on his motion. The decision whether to permit a defendant to withdraw a guilty plea is "left to the sound discretion of the [district] court, and it will be reversed only in the rare case in which the appellate court can fairly conclude that the [district] court abused its discretion." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). Whether a plea was voluntarily made is a question of fact that will not be disturbed unless it is clearly erroneous in that there is no reasonable evidence to support it. *State v. Danh*, 516 N.W.2d 539, 544 (Minn. 1994).

"In its discretion the court may allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. The defendant has the burden of proving that there is a fair and just reason for plea withdrawal. *Kim*, 434 N.W.2d at 266 (stating that "giving a defendant an absolute right to withdraw a plea before sentence would undermine the integrity of the plea-taking process"); *see also State v. Kaiser*, 469 N.W.2d 316, 319–20 (Minn. 1991) (noting that "*Kim* rejected the approach of the pre-*Kim* decisions . . . that the [district] courts ought to be liberal and lenient in allowing defendants to withdraw guilty pleas before sentencing").

4

Appellant argues that it would have been fair and just to allow him to withdraw his plea because he was pressured into accepting the plea agreement and pleading guilty. He first claims that he was pressured due to worries about his job, family, home, "and other personal issues." But many criminal suspects undoubtedly have similar worries; nevertheless, the supreme court has held that such pressures do not provide grounds for plea withdrawal. *See, e.g.*, *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010) (holding under "manifest injustice" standard that a defendant's claim that he "was under extreme stress and not thinking rationally when he entered his plea" did not provide a ground for plea withdrawal); *Sykes v. State*, 578 N.W.2d 807, 813 (Minn. App. 1998) (stating that "the normal trauma associated with being incarcerated following an arrest is not, by itself, a basis to claim coercion"), *review denied* (Minn. July 16, 1998).

Appellant next claims that he was pressured by his attorney telling him that "he should take the deal because if he went to trial he would be convicted because he is black and Muslim" and that he needed to accept the plea agreement and "finish this thing." Appellant signed a plea petition stating that he freely and voluntarily agreed to plead guilty, and he repeatedly affirmed during the plea hearing that he was pleading guilty because the amended charge of misdemeanor domestic assault was true and he was guilty. The district court stated that it could not imagine believing that appellant was lying during the plea hearing. This court gives deference to the credibility determinations made by a district court during a plea hearing. *State v. Aviles-Alvarez*, 561 N.W.2d 523, 527 (Minn. App. 1997), *review denied* (Minn. June 11, 1997). Moreover, appellant did not seek an evidentiary hearing, nor did he present any evidence other than his own

account of his off-the-record discussion with counsel. Thus, nothing in the record supports appellant's claim that he was improperly pressured into pleading guilty. *Cf. Raleigh*, 778 N.W.2d at 97–98 (affirming the denial of a motion to withdraw a guilty plea when the defendant "failed to substantiate the reasons he advanced to support withdrawal"). Appellant has not satisfied his burden of showing that it was fair and just to allow him to withdraw his plea.

Appellant also disputes the accuracy of his guilty plea. We note that appellant did not challenge the accuracy of the plea in district court. Generally an appellate court will not decide issues that were not raised before the district court, but an appellate court may, at its discretion, deviate from this rule "when the interests of justice require consideration of such issues and doing so would not unfairly surprise a party to the appeal." *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996); *see also* Minn. R. Crim. P. 28.02, subd. 11 (stating that an appellate court "may review any order or ruling of the district court or any other matter, as the interests of justice may require"). Because "[a] manifest injustice exists if a guilty plea is not valid," *Raleigh*, 778 N.W.2d at 94, and because our consideration of the plea's accuracy will not unfairly surprise the state given that the state has briefed the issue on appeal, we will address the accuracy of the plea in this instance.

"The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983) (stating that "[o]ther possible benefits of the accuracy requirement include assisting the court in determining whether the plea is intelligently entered and facilitating the rehabilitation of

6

the defendant"). "A proper factual basis must be established for a guilty plea to be accurate," *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994), and a factual basis is usually established by asking a defendant to express what happened in his or her own words. *Trott*, 338 N.W.2d at 251. Appellant argues that his guilty plea was inaccurate because the factual basis was established by him providing "yes" or "no" responses to his attorney's leading questions rather than by him expressing what happened in his own words. The supreme court has cautioned against guilty pleas being made through the use of leading questions to which defendants provide only "yes" or "no" responses. *See, e.g.*, *Lussier v. State*, 821 N.W.2d 581, 589 (Minn. 2012) ("[W]e have cautioned against the use of exclusively leading questions to establish a proper factual basis for a guilty plea."); *Ecker*, 524 N.W.2d at 717 ("[W]e again discourage the use of leading questions to establish a factual basis."). But pleas have not been deemed inaccurate simply because they were made under such circumstances. *See, e.g.*, *Lussier*, 821 N.W.2d at 589; *Raleigh*, 778 N.W.2d at 95–96; *Ecker*, 524 N.W.2d at 717.

In his pro se supplemental brief, appellant also contends that there was an issue with the interpreter at the plea hearing correctly interpreting the questions that appellant was asked and the explanations that he gave. Appellant does not specify what questions or statements he believes were not interpreted correctly, and no issue involving the interpreter was brought to the district court's attention. Appellant has not satisfied his burden of proving that his guilty plea was inaccurate.

Appellant also maintains that the district court should have granted his motion because the state did not establish that it would be prejudiced by withdrawal of the guilty

7

plea. When considering whether it is fair and just to grant a motion to withdraw a plea before sentencing, "[t]he court must give due consideration to . . . any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." Minn. R. Crim. P. 15.05, subd. 2. Neither the prosecutor nor the district court made comments at the hearings regarding any prejudice. But a district court may deny a motion for plea withdrawal under rule 15.05, subdivision 2, even when there is no prejudice to the state if the defendant fails to advance a valid reason for plea withdrawal. *See Raleigh*, 778 N.W.2d at 98; *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013) ("Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just."), *review denied* (Minn. Dec. 31, 2013). Because appellant did not demonstrate that there is a fair and just reason for plea withdrawal, the district court did not abuse its discretion by denying appellant's motion to withdraw the guilty plea.

Finally, appellant claims that the district court should have held an evidentiary hearing on his motion and should have made "official" findings of fact regarding the validity of his guilty plea. He requests that this case be remanded for an evidentiary hearing. Appellant did not ask the district court to hold an evidentiary hearing or request permission to provide sworn testimony, and he provides no authority for the proposition that the district court should have decided sua sponte to hold an evidentiary hearing. Minn. R. Crim. P. 15.05, subd. 2, requires courts to give only "due consideration" to the defendant's reasons for plea withdrawal and any prejudice to the prosecution. Because

8

the record establishes that the district court considered appellant's motion for plea withdrawal and is sufficient to permit review of the validity of appellant's plea, we decline to remand for an evidentiary hearing. *Cf. State v. Crump*, 826 N.W.2d 838, 843–44 (Minn. App. 2013) (refusing to remand for further proceedings on a motion for plea withdrawal when the record was sufficient to permit review of the district court's denial of the motion), *review denied* (Minn. May 21, 2013).

**Affirmed.**