*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1297**

State of Minnesota,
Respondent,

vs.

Earl Anthony Fry,
Appellant

**Filed June 29, 2015
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-CR-13-34342

Lori M. Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Hudson, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Earl Fry challenges the district court's denial of his motion to withdraw his guilty plea, arguing that his plea was invalid because it was not accurate or intelligent. Because the record shows that Fry's guilty plea was valid, we affirm.

## FACTS

In October 2013, appellant Earl Fry was charged with first-degree burglary and third-degree assault after punching a victim. Minn. Stat. §§ 609.582, subd. 1(c) (2012), 609.223, subd. 1 (2012). The victim lost consciousness and suffered from life-threatening bleeding in his brain that required emergency surgery. The state later amended the complaint by dismissing the burglary charge and changing the assault charge to first-degree. Minn. Stat. § 609.221, subd. 1 (2012).

In March 2014, Fry pleaded guilty to first-degree assault in a straight plea. The factual basis for Fry's guilty plea was established during the following exchange between Fry and his attorney:

> Q: Mr. Fry, on October 11, 2013 you were with a friend . . . ?
> A: Yes.
> Q: And at some point -- and that person's initials were EB, is that correct?
> A: Yes.
> Q: At some point you guys were drinking alcohol, is that right?
> A: Yes.
> Q: A fight ensued between the two of you, is that correct?
> A: Yes.
> Q: But you are a large gentleman, is that right? And when you punched him, you would agree that you caused great bodily harm, is that right?
> A: Yes.
> Q: And one of the reasons you may not have – at the time you intended to [hit] him but you may not have intended to cause that much damage but you learned later that he went to the medical center and he had to have staples in his scalp and there was bleeding on the brain, is that correct?
> A: Yes.

Fry then moved to withdraw his guilty plea before his sentencing hearing began.[1] The district court denied Fry's motion and concluded, "[G]iven everything that's on that [written] plea petition, given my personal observations of you when you were responding to my questions . . . I find that your plea was a knowing, voluntary and intelligent plea." The district court further stated that it found "no basis to allow [Fry] to withdraw [his] plea under either the fair and just standard or under the manifest injustice standard" and sentenced him to 58 months in prison with 110 days of credit for time served. Fry appealed.

## D E C I S I O N

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). Guilty pleas may be withdrawn only if the defendant meets one of two standards. *State v. Lopez*, 794 N.W.2d 379, 382 (Minn. App. 2011). First, if the defendant attempts to withdraw a guilty plea before sentencing, a court may allow withdrawal "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. Second, a court must allow withdrawal at any time if it is "necessary to correct a manifest injustice." *Id.*, subd. 1. The fair-and-just standard is less demanding than the manifest-injustice standard. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007).

Because Fry sought to withdraw his guilty plea before sentencing, the lesser fair-and-just standard applies here. *See* Minn. R. Crim. P. 15.05, subd. 2. We will, however, analyze both standards because the district court applied both standards when it denied

---

[1] At the beginning of Fry's sentencing hearing, his attorney stated, "Mr. Fry just informed me that he would like to . . . file a motion to withdraw his plea."

3

Fry's withdrawal petition, and Fry argued that withdrawal was required under either standard.

## I.    Fair and Just

We first examine whether the district court should have permitted Fry to withdraw his guilty plea under the fair-and-just standard.  A district court's denial of a motion to withdraw a guilty plea under this standard is reviewed for an abuse of discretion, and we will reverse "only in the rare case."  *State v. Cubas*, 838 N.W.2d 220, 223 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Dec. 31, 2013).

To determine whether withdrawal of a plea is fair and just, a district court is required to give due consideration to "(1) the reasons a defendant advances to support withdrawal and (2) prejudice granting the motion would cause the State given reliance on the plea."  *Raleigh*, 778 N.W.2d at 97.  The defendant bears the burden of advancing the reasons that support withdrawal, and the state bears the burden of showing that withdrawal would cause prejudice.  *Id.*

Fry contends that his guilty plea should have been withdrawn because he was distracted during the plea proceeding worrying about a missing portfolio and was not aware of what he was doing.[2]  But the fair-and-just standard does not allow a defendant to withdraw a guilty plea for any reason or without good reason because to do so would "'undermine the integrity of the plea-taking process.'"  *State v. Crump*, 826 N.W.2d 838,

---

[2] Fry said that this portfolio contained his ideas for inventions and claimed that his attorney promised to secure its release from police custody but failed to do so.

4

841 (Minn. App. 2013) (quoting *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989)), *review denied* (Minn. May 21, 2013).

Here, Fry's portfolio was mentioned only once at the very beginning of the proceeding, and throughout the entire proceeding, Fry was responsive and appeared to understand the consequences of his plea. *See Raleigh*, 778 N.W.2d at 97 (affirming the district court's denial of appellant's motion to withdraw his guilty plea because, in part, nothing in the record showed that appellant did not understand the consequences of his plea). Because Fry did not provide an adequate reason to show why withdrawal of his guilty plea would be fair and just under the circumstances here, we conclude that he failed to meet his burden and need not analyze the prejudice prong. *Cubas*, 838 N.W.2d at 224 ("Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just.").

## II.    Manifest Injustice

We next examine whether Fry was entitled to withdraw his guilty plea under the manifest injustice standard. A manifest injustice exists if a guilty plea is invalid. *Raleigh*, 778 N.W.2d at 94. A constitutionally valid guilty plea must be (1) accurate, (2) voluntary, and (3) intelligent. *Id.* The defendant bears the burden of showing that his plea was invalid. *Id.* Whether a defendant's guilty plea is valid is a question of law that we review de novo. *Id.* Because Fry does not argue that his guilty plea was involuntary, we analyze only the accuracy and intelligence prongs.

*Accurate*

For a plea to be accurate, it must be supported by a proper factual basis. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). A proper factual basis requires "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotations omitted).

Fry argues that his guilty plea was inaccurate because its factual basis rested solely on his responses to leading questions and the facts elicited were insufficient to prove first-degree assault. The record, however, does not support his argument.

The record confirms that the factual basis for Fry's guilty plea rested entirely on leading questions. Courts have long discouraged the use of leading questions to establish the factual basis for a guilty plea. *See, e.g.*, *Raleigh*, 778 N.W.2d at 94 ("The court should be particularly wary of situations in which the factual basis is established by asking a defendant only leading questions."). But "a defendant may not withdraw his plea simply because the court failed to elicit proper responses if the record contains sufficient evidence to support the conviction." *Id*. Here, Fry admitted to punching the victim and causing great bodily harm, and we conclude that this admission was sufficient to support his conviction. *See id.*

Fry further contends that his guilty plea was inaccurate because it did not satisfy the elements of first-degree assault. Specifically, he argues that the victim's injuries did not meet the statutory requirements for first-degree assault. We disagree.

First-degree assault occurs when a person "assaults another and inflicts great bodily harm." Minn. Stat. § 609.221, subd. 1. "Great bodily harm" is defined as "bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm." Minn. Stat. § 609.02, subd. 8 (2014). "Bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." *Id.*, subd. 7 (2014).

Here, Fry admitted to causing "great bodily harm" and admitted that the victim had bleeding in his brain and staples in his scalp. This testimony, standing alone, may not meet the definition of "great bodily harm" under first-degree assault. But this court can also consider the sworn complaint when evaluating the factual basis for Fry's plea. *See State v. Trott*, 338 N.W.2d 248, 252 (Minn. 1983) (concluding that a defendant's plea had a sufficient factual basis because, in part, the record contained a copy of the complaint, and the defendant in effect judicially admitted to the allegations in the complaint by pleading guilty); *see also Rickert v. State*, 795 N.W.2d 236, 242 (Minn. 2011) ("It is well established that a defendant, by his plea of guilty, in effect judicially admit[s] the allegations contained in the complaint." (alteration in original) (quotation omitted)).

The complaint states that the victim lost consciousness, had a brain bleed from which he "could [have] die[d]," and underwent emergency brain surgery. These injuries were life-threatening and therefore meet the definition of "great bodily harm" under first-degree assault. *See State v. Stafford*, 340 N.W.2d 669, 670 (Minn. 1983) ("Arguably,

7

great bodily harm is inflicted if one knocks someone out briefly." (quotation omitted)); *State v. Jones*, 266 N.W.2d 706, 710 (Minn. 1978) (concluding that sufficient evidence existed to find that the victim suffered great bodily harm when she was found unconscious, on the verge of shock, lost consciousness for a day, was hospitalized for a week, and almost suffered a miscarriage). Accordingly, we determine that Fry's guilty plea satisfied the elements of first-degree assault and was accurate.

Fry also argues that his guilty plea was inaccurate because it lacked causation: he did not admit that his actions caused the victim's subsequent brain bleed and staples. We reject this argument because causation can be inferred from the chain of events.

### Intelligent

Fry next argues that his plea was not intelligent because he did not understand or engage in the plea hearing. We disagree.

An intelligent guilty plea ensures that the defendant understands the charges against him, the rights to be waived, and the plea's consequences. *Raleigh*, 778 N.W.2d at 96. For a plea to be intelligent, a defendant need not be advised of every consequence; a defendant need only be advised of those direct consequences that flow definitely, immediately, and automatically from the plea. *Alanis v. State*, 583 N.W.2d 573, 578 (Minn. 1998), *abrogated on other grounds by Campos v. State*, 816 N.W.2d 480 (Minn. 2012).

During Fry's plea hearing, the district court explained the straight-plea process and asked if Fry had any questions. Fry answered, "No." Fry's attorney then explained the rights that Fry was giving up by pleading guilty and affirmed that Fry had signed the

8

four-page guilty plea petition after the attorney had carefully reviewed it with Fry. The district court again asked whether Fry had any questions. Fry again replied, "No." The district court then concluded that Fry knew his rights, understood them, and was giving them up voluntarily. At no point during the hearing did Fry exhibit any confusion or voice any objections. Because the record shows that Fry understood these charges, the rights that he waived, and the consequences, we conclude that his plea was intelligent. *See Williams v. State*, 760 N.W.2d 8, 15 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009). Accordingly, the district court did not err in denying Fry's motion to withdraw his guilty plea.

**Affirmed.**