2021 IL App (1st) 192440-U

No. 1-19-2440

Order filed March 31, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.    06 CR 9540 |
| | ) |            06 CR 9601 |
| | ) | |
| ARTURO LUNA, | ) | Honorable |
| | ) | Diana L. Kenworthy, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's summary dismissal of defendant's postconviction petition for lack of standing is affirmed.

¶ 2    Defendant Arturo Luna appeals from an order of the circuit court of Cook County summarily dismissing his postconviction petition for lack of standing. On appeal, defendant contends the court erred when it dismissed his petition because it ignored his proportionate penalty argument. We affirm.

¶ 3        Pursuant to a fully negotiated guilty plea, on January 5, 2007, defendant was convicted of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006))[1] in two separate cases. Each case involved a separate victim. The factual basis in each case provided that defendant, a custodian at Niles North High School, engaged in an act of sexual intercourse with a female student who was at least 13 years old but under the age of 17, and defendant was at least five years older than his victim. The trial court sentenced defendant to concurrent terms of 30 months' probation. As a collateral consequence of his conviction, defendant was required to register as a sex offender in accordance with the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2006)). Defendant did not move to vacate his guilty plea or attempt to perfect an appeal from that judgment.

¶ 4        On June 17, 2009, defendant's probation was satisfactorily terminated in both cases.

¶ 5        On September 19, 2019, defendant, through private counsel, filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) challenging his sex offender registration requirement. Defendant alleged that when he was sentenced, he was required to register as a sex offender only for 10 years from his conviction or release date. In 2017, defendant was informed that he was required to register as a sex offender for life. Defendant alleged that the registration requirement as applied to him was unconstitutional because its restrictions constituted punishment that was grossly disproportionate to the severity of the offense in violation of the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution.

---

[1] Now codified at 720 ILCS 5/11-1.60(d) (eff. July 1, 2011).

¶ 6     The circuit court noted that defendant's probation was terminated more than 10 years before he filed his petition. Consequently, the circuit court found that defendant was precluded from filing a postconviction petition under the Act because he was neither imprisoned nor on probation at the time he filed his petition. In addition, the circuit court pointed out that it had been previously held that lifetime registration as a sex offender was not a sufficient constraint on a person's liberty to bring them within the purview of the Act. The circuit court concluded that defendant lacked standing to file a postconviction petition under the Act and summarily dismissed his petition.

¶ 7     On appeal, defendant contends the circuit court erred when it dismissed his petition because it ignored his proportionate penalty argument. Defendant argues that his lifetime registration requirement, which was imposed *ex post facto*, violates the eighth amendment's prohibition of cruel and unusual punishment under the United States Constitution and the proportionate penalties clause of the Illinois Constitution. Defendant acknowledges that the Illinois Supreme Court held that the sex offender registration requirement did not constitute punishment. See *People v. Malchow*, 193 Ill. 2d 413 (2000); *People v. Adams*, 144 Ill. 2d 381, 387-89 (1991). He argues, however, that the sex offender statutes have been amended over the years to strip freedom of movement, which is a concept of punishment, and thus, the statutes are now akin to probation or supervised release. Defendant asserts that his lifetime registration constitutes punishment sufficient to satisfy the filing requirements of the Act.

¶ 8     The State responds that the circuit court's summary dismissal of defendant's petition was proper because he lacked standing to file a postconviction petition under the Act. The State points out that defendant's probation was terminated more than 10 years before he filed his petition, and

therefore, he is not a "person imprisoned in the penitentiary" as required for standing under the Act. The State notes that our supreme court has held that sex offender registration does not constitute punishment, and this court has repeatedly found that the sex offender registration requirement does not confer standing to seek relief under the Act.

¶ 9    We review the circuit court's summary dismissal of defendant's postconviction petition *de novo*. *People v. Knapp*, 2020 IL 124992, ¶ 39. The Act provides a process whereby a person serving a criminal sentence can file a petition asserting that his conviction was the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a) (West 2016); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Specifically, section 122-1(a) of the Act states that "[a]ny person imprisoned in the penitentiary may institute a proceeding under this Article ***." 725 ILCS 122-1(a) (West 2016). Only those persons whose liberty is actually restrained are entitled to file a petition for relief under the Act. *People v. Carrera*, 239 Ill. 2d 241, 245-46 (2010). This includes defendants who are serving a sentence of probation and those who have been released from prison and are serving a term of mandatory supervised release. *Id.* at 246. However, a defendant who has fully served his sentence prior to filing his postconviction petition is not under a constraint on his liberty, and thus, is not a "person imprisoned in the penitentiary" as required to file a petition under the Act. *Id.* at 253. Consequently, a person who is no longer imprisoned because he completed serving his term of probation has no standing to file a petition for postconviction relief. *Id.*

¶ 10    Our supreme court has repeatedly stated that "sex offender registration is not punishment." *People v. Cardona*, 2013 IL 114076, ¶ 24. Accordingly, this court has held that a person who is subject to sex offender registration is not "imprisoned" under the Act, and therefore lacks standing

to file a postconviction petition. *People v. Begay*, 2018 IL App (1st) 150446, ¶ 61. See also *People v. Stavenger*, 2015 IL App (2d) 140885, ¶ 12 (rejecting defendant's contention that registration as a sex offender grants him standing under the Act); *People v. Downin*, 394 Ill. App. 3d 141, 146 (2009) (holding that "lifetime registration as a sex offender is not a constraint on liberty sufficient to bring it within the Act").

¶ 11    Here, defendant completed serving his sentence on June 17, 2009, when his probation was satisfactorily terminated. Moreover, his registration as a sex offender does not constitute punishment. In accordance with our prior holdings, we find that defendant is not a "person imprisoned in the penitentiary" as required to seek relief under the Act. Defendant therefore lacked standing to file a postconviction petition, and the circuit court's summary dismissal on that basis was proper.

¶ 12    For these reasons, we affirm the judgment of the circuit court of Cook County summarily dismissing defendant's postconviction petition for lack of standing.

¶ 13    Affirmed.