**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230075-U

Order filed December 5, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-23-0075 |
| v. | ) ) | Circuit No. 04-CM-7334 |
| MARTIN RAMIREZ, | ) ) ) | Honorable Monique Naffah O'Toole, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    Dismissal of defendant's section 2-1401 petition was proper.

¶ 2    Defendant, Martin Ramirez, appeals the Du Page County circuit court's order dismissing his section 2-1401 petition. Defendant argues that the court erred by dismissing the petition as untimely. Defendant further argues that he was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel. We affirm.

## I. BACKGROUND

In 2004, defendant was charged with one count of unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2004)). In March 2005, while represented by counsel, defendant entered a blind guilty plea. Defendant had an interpreter during the hearing because he did not speak English. The court admonished defendant that if he was not a citizen, his plea may have immigration consequences and defendant stated he understood. The parties stipulated that there were sufficient facts upon which defendant could be found guilty. Defendant was sentenced to one year of court supervision, which he successfully completed in March 2006.

In 2022, defendant filed a petition for relief from judgment pursuant to section 2-1401(c-5) of the Code of Civil Procedure (735 ILCS 5/2-1401(c-5) (West 2022)). Defendant alleged a due process violation and claims of ineffective assistance of counsel. After a hearing, the court dismissed the petition as untimely. Defendant appeals.

## II. ANALYSIS

Defendant argues that the court erred by dismissing his petition as untimely and the State concedes the petition was not untimely. Based on this concession, we treat the petition as timely. See 735 ILCS 5/2-1401(c-5) (West 2022) ("Any individual may at any time file a petition and institute proceedings under this Section if his or her final order or judgment, which was entered based on a plea of guilty or nolo contendere, has potential consequences under federal immigration law.").

However, this does not end our inquiry, as the State argues that dismissal was proper because the court's judgment can be affirmed on any basis apparent from the record and that the petition was properly dismissed because claims of ineffective assistance of counsel are improper

in section 2-1401 petitions. Defendant argues that an evidentiary hearing should have been held on his claim of ineffective assistance of counsel.[1]

¶ 9     We review the dismissal of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007). "We may affirm for any reason apparent from the record regardless of the lower court's rationale." *People v. Hopkins*, 2020 IL App (3d) 170253, ¶ 15.

¶ 10    Here, regardless of the court's reasoning, it properly dismissed defendant's section 2-1401 petition because ineffective assistance claims are not appropriate in section 2-1401 petitions. See *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003) ("We have long held that section 2-1401 proceedings are not an appropriate forum for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment."). We note that defendant summarily states in his opening brief that our supreme court has recognized that under certain circumstances ineffective assistance of counsel claims are cognizable in section 2-1401 petitions and he cites to *People v. Lawton*, 212 Ill. 2d 285 (2004). Defendant does not provide argument as to how his case falls into any exception to the general rule, recognized by *Pinkonsly*, that ineffective assistance claims are not properly brought in section 2-1401 petitions. Regardless, *Lawton* is readily distinguishable. In *Lawton*, 212 Ill. 2d at 295-96, the defendant was confined under the Sexually Dangerous Persons Act and had the same lawyer at trial and on direct appeal. Our supreme court determined that Lawton was allowed to bring his ineffective assistance claim in a section 2-1401 petition because unlike criminal defendants who can raise such claims through the Post-Conviction Hearing Act when they go unheard on direct appeal, Lawton had no other

---

[1]Defendant's opening brief does not contain any argument addressing the due process claim and certain claims of ineffective assistance of counsel contained in his section 2-1401 petition. Defendant has therefore forfeited any argument that the dismissal of these claims was improper and we need not address these claims. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) (providing that argument must "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on" and that "[p]oints not argued are forfeited and shall not be raised in the reply brief").

avenue through which he could bring his claim. *Id.* at 296-302. Here, unlike the defendant in *Lawton*, defendant could have brought his ineffective assistance claims under the Post-Conviction Hearing Act while he was serving his sentence but failed to do so. See *People v. Stavenger*, 2015 IL App (2d) 140885, ¶ 9 ("[A] defendant retains standing under the Act so long as he is challenging a conviction from which he continues to serve some form of sentence, such that his liberty would be directly affected by invalidating his conviction."). Thus, *Lawton* does not provide a basis to allow defendant to bring his ineffective assistance claims in a section 2-1401 petition and instead the general rule recognized by *Pinkonsly* applies. Based on the foregoing, we conclude that dismissal of defendant's section 2-1401 petition was proper.

¶ 11                                                    III. CONCLUSION

¶ 12             The judgment of the circuit court of Du Page County is affirmed.

¶ 13             Affirmed.