2021 IL App (1st) 191310-U

FIRST DISTRICT
FIRST DIVISION
August 16, 2021

No. 1-19-1310

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Petitioner-Appellee, ) | Cook County, Illinois. |
| ) | |
| v. ) | No. 2005 CR 2261 |
| ) | |
| DEXTER CAFFREY, ) | Honorable |
| ) | Alfredo Maldonado, |
| Respondent-Appellant. ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

*Held*: The circuit court properly dismissed defendant's postconviction petition based on the lack of standing.

¶ 1    Defendant Dexter Caffrey pleaded guilty to aggravated criminal sexual abuse in exchange for three years of probation, which he completed before filing his petition for postconviction relief under the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (2016)). Defendant "appeals from a judgment granting the State's motion to dismiss his petition for postconviction relief at the second stage" of postconviction proceedings for lack of standing, arguing that his

lifetime obligation to register as a sex offender under the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2016)) constituted a deprivation of his liberty. We affirm.

¶ 2                                    BACKGROUND

¶ 3        Based on events occurring on August 31, 2005, defendant was charged with aggravated criminal sexual abuse "in that he knowingly committed an act of sexual penetration with [the complainant] who was at least 13 years of age but under 17 years of age, in that the defendant placed his penis into the complainant's vagina and the defendant was at least five years older than [the complainant]." On March 23, 2006, defendant "withdrew his plea of not guilty to the above charge and entered into a plea agreement *** in exchange for a sentence of 3 years' probation." Defendant did not file a direct appeal.

¶ 4        On March 20, 2009, defendant completed his probation sentence. Pursuant to SORA, defendant registered as a sex offender for 10 years following his 2006 conviction. In 2016, the Department of Illinois State Police notified defendant that he was required to register as a sex offender for life. 730 ILCS 150/7 (West 2016). After learning of his ongoing duty to register as a sex offender, defendant filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2016)) "to vacate judgment and finding of guilt," arguing that his "counsel was ineffective because he did not inform [him] he would be required [by statute] to register for life" and, instead, "represented that he would only be required to register as a sex offender for 10 years." An affidavit to that effect from defendant and his mother were attached to the petition.

¶ 5        The circuit court granted defendant leave to recharacterize his claim as a postconviction petition under the Act and advanced the petition to the second stage of postconviction proceedings. The State moved to dismiss, arguing untimeliness and defendant's lack of standing because he was not a "person imprisoned in the penitentiary" since he was no longer serving his probation

sentence. The circuit court agreed with the State and dismissed defendant's postconviction petition.

¶ 6                                                    ANALYSIS

¶ 7        Defendant argues that the circuit court erred in dismissing his petition because his "liberty is actually restrained by his lifetime sex offender registration obligations."

¶ 8        Where, as here, a petition is advanced to the second stage of postconviction proceedings, "the circuit court must determine whether the petition and any accompanying documentation makes a substantial showing of a constitutional violation." *People v. Edwards*, 197 Ill. 2d 239, 346 (2001). At this stage of postconviction proceedings, counsel may be appointed for the defendant and the State may move to dismiss the petition. *People v. Dupree*, 2018 IL 122307, ¶ 28. "If the State moves to dismiss the petition, the circuit court must decide whether to grant the State's motion or advance the petition to the third stage for an evidentiary hearing." *Id.* A circuit court's dismissal of a petition at the second stage is reviewed *de novo*. *Id*.

¶ 9        Section 122-1(a) of the Act states, in relevant part, that "Any person *imprisoned in the penitentiary* may institute a proceeding under [the Act] if the person asserts that: (1) in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both[.]" (Emphasis added.) 725 ILCS 5/122-1(a) (West 2016). A defendant's standing under the Act "depends on whether he fulfilled the statutory condition of being 'imprisoned in the penitentiary' when he instituted the postconviction proceedings." *People v. Johnson*, 2021 IL 125738, ¶ 32. Although the term "standing" "appears nowhere in the Act," "imprisonment in the penitentiary remains a statutory condition for petitioning for relief under the Act." *Id.* ¶¶ 37, 45 (citing *People v. Carrera*, 239 Ill. 2d 241, 246 (2010)). "Thus, a petitioner loses standing to seek relief under the Act if he is

no longer 'imprisoned in the penitentiary' because he has fully discharged his sentence for the challenged conviction." *Id.* ¶ 37. But "the Act does not require actual incarceration as a strict prerequisite to instituting a proceeding under the Act."[1] *Carrera*, 239 Ill. 2d at 246. Rather, "imprisoned" under the Act "has been held to include petitioners whose liberty, in some way or another, was curtailed to a degree by the state." *Id.*

¶ 10     Here, defendant acknowledges that "his probation had ended" but argues that he "has standing to bring the claim *** because his continuing status as a registrant is onerous enough to be deemed punishment for purposes of the [Act]." However, as defendant also acknowledges, precedent has repeatedly held that "sex offender registration is not punishment." *People v. Cardona*, 2013 IL 114076, ¶ 24. Therefore, defendant's reliance and analysis of the *Mendoza-Martinez* factors (*Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)) to argue that the SORA registration obligation under "the current statutory scheme" constitutes punishment for lifetime registrants is not persuasive. See *People v. Dunn*, 2020 IL App (1st) 150198, ¶ 20 (rejecting the defendant's argument that "because his sex offender status prohibits him from certain residences or jobs, his liberty is effectively restrained").

¶ 11     Moreover, our supreme court recently rejected a similar argument in *People v. Johnson*, 2021 IL 125738, ¶¶ 67, 69, holding that the defendant's obligation to register for life under the Child Murderer and Violent Offender Against Youth Registration Act (730 ILCS 154/1 *et seq.* (West 2006)) "did not confer standing because it was a collateral consequence of his unlawful restraint conviction" and "[o]nly the direct consequences of a conviction confer standing under the

---

[1] The phrase "imprisoned in the penitentiary" has "been held to include defendants 'who have been released from incarceration after the timely filing of their petition [citation], released on appeal bond following conviction [citation], [and] released under mandatory supervision, and sentenced to probation [citation].' " *Johnson*, 2021 IL 125738, ¶ 62 (quoting *People v. West*, 145 Ill. 2d 517, 519 (1991)).

Act." Although registration under SORA was not implicated in *Johnson*, the court recognized that the "appellate court has been equally clear that registration obligations arising under the Sex Offender Registration Act are collateral consequences that do not confer standing to challenge the underlying conviction under the Act." *Id.* ¶ 69.

¶ 12     We find that *Johnson* supports the dismissal of defendant's petition on the basis that his SORA registration obligation constitutes a "collateral consequence" of his conviction and not "imprisonment" that is required to obtain relief under the Act. Because defendant was no longer "imprisoned in the penitentiary" after he fully served his probation sentence for the conviction he now seeks to challenge, defendant lacked standing to file a petition seeking postconviction relief under the Act. *Johnson*, 2021 IL 125738, ¶¶ 65, 69; *Carrera*, 239 Ill. 2d at 258; *Dunn*, 2020 IL App (1st) 150198, ¶ 20; *People v. Begay*, 2018 IL App (1st) 150446, ¶¶ 60, 61; *People v. Stavenger*, 2015 IL App (2d) 140885, ¶ 12; *People v. Downin*, 394 Ill. App. 3d 141, 146-47 (2009). Therefore, the circuit court properly dismissed his petition, which was filed more than seven years after the termination of his probation sentence. See *Johnson*, 2021 IL 125738, ¶ 50 (a petition may be summarily dismissed for the lack of standing). Having found that defendant lacked standing, we need not determine whether the "untimely filing of his petition was not due to his culpable negligence" or address the merits of his ineffective assistance of counsel claim.

¶ 13                                   CONCLUSION

¶ 14     For the reasons stated, we affirm the circuit court's dismissal of defendant's postconviction petition.

¶ 15     Affirmed.